F. L. SCHUSTER ET AL. V. L. BAUMAN JEWELRY COMPANY.

No. 3188.

1. **Wife's Separate Property—Purchase on Credit.**—The wife bought a tract of land, paying one-third cash, with two notes signed by herself and husband. Deed was made to the wife. The purchase money notes were paid with money given her by her mother. *Held*, these facts made the land the wife's separate property. It was misleading in the charge to say, "The burden of proof is on Mrs. S. (the wife) to show by a preponderance of evidence that the land is her separate property; that it was purchased and paid for with money given her by her mother." The charge admits of the construction that unless her mother's gift went directly to discharge the purchase money she should fail.

2. **Earnings of Minor.**—A minor son by his earnings bought a pony and gave it to his mother. She bought a tract of land, giving the pony in part payment at $100.

For the remaining purchase money two notes for $200 were given, and were unpaid when the land was seized and sold. The court correctly charged that these facts made the land community property.

3. **Minors, Emancipation of.**—While the parents may emancipate a son, in which case his earnings would be his own, still until some act of emancipation be shown the creditors of the father can proceed against such earnings or proceeds as against any other property of their debtor.

4. **Practice in Supreme Court.**—A recovery of three tracts of land was sought in one action. The plaintiff claimed under attachment proceedings and sale against the husband. The wife claimed the three tracts as separate property. Her claim to each parcel was independent of that of the others. No error appearing as to two of the tracts, judgment below affirmed as to them and reversed as to the other, in which there was error.

Appeal from Bowie. Tried below before Hon. John L. Sheppard. A statement is given in the opinion.

*F. M. Henry* and *Henry & Henry,* for appellants. — 1. Lands purchased by a wife with a gift from her minor son and lands purchased by the wife and in the wife's name on a credit, and intended by the husband and wife to be paid for with the wife's separate means, are vested in the wife as her separate estate, and are not subject to the payment of the husband's debts. Sayles' Civ. Stats., art. 2851, and notes; Ullman v. Jasper, 70 Texas, 446; Baker v. Baker, 55 Texas, 577; Higgins v. Johnson, 20 Texas, 389; Peters v. Clements, 46 Texas, 125; Baldridge v. Scott, 48 Texas, 178; Story v. Marshall, 24 Texas, 305; Smith v. Strahan, 16 Texas, 314; Evans v. Welborn, 74 Texas, 530; Reynolds v. Lansford, 16 Texas, 286.

2. The gift from Eugene Schuster to his mother became the separate property of Mrs. Schuster; and lands paid for in part with the separate estate of the wife and purchased by the wife, by the wife giving her notes to secure the balance of the purchase money, with the intention of the husband and wife that such lands shall be the separate estate of the wife, the husband intending to pay nothing on said notes and the husband being solvent at the time, the deeds being made to the wife, become the separate estate of the wife. Ullman v. Jasper, 70 Texas, 446; Baker v. Baker, 55 Texas, 577; Evans v. Welborn, 74 Texas, 530.

3. A gift from a son who is a minor to his mother, with the approval of the father, becomes the separate estate of the mother. Where the wife purchases lands, part for cash and part on credit, and takes the deed in her name, and borrows money and pays off the deferred payments, and afterwards pays back the borrowed money to the person from whom she borrowed it with her separate means, the lands are vested in the wife as her separate estate. It simply amounts to the merging and tracing of the wife's separate estate into such lands. Sayles' Civ. Stats., art. 2851; Ullman v. Jasper, 70 Texas, 446; Evans v. Welborn, 74 Texas, 530; Ba-

ker v. Baker, 55 Texas, 517; Morrison v. Clark, 55 Texas, 437; McKamy v. Thorp, 61 Texas, 649; Stoker v. Bailey, 62 Texas, 299; Wallace & Co. v. Campbell, 54 Texas, 87; Ross v. Kornrumpf, 64 Texas, 390; Higgins v. Johnson, 20 Texas, 389; Peters v. Clements, 46 Texas, 125; Smith v. Strahan, 16 Texas, 314; Story v. Marshall, 24 Texas, 305; Platt's Prop. Rights, sec. 15.

*Talbot & Turner*, for appellee.—1. Parents are entitled to the services of their minor child, and all property acquired by such minor by purchase or by work and labor performed during minority is community property, and property acquired by the wife on a credit is community property. Epperson v. Jones, 65 Texas, 425; Smith v. Bailey, 66 Texas, 553.

2. When land is purchased during marriage and deed taken in name of the wife, one-third of the purchase money of which is paid with money acquired by the wife by gift and two-thirds with money borrowed by either husband or wife, one-third of said land would be separate property of the wife and two-thirds community property. Heidenheimer v. McKeen, 63 Texas, 229.

3. The character of the property deeded to Mrs. Sophia Schuster February 17, 1881, was fixed at the time of purchase and payment of purchase money, and the subsequent payment of the borrowed money by Mrs. Schuster with money acquired from her mother could not change it.

GAINES, ASSOCIATE JUSTICE.—This action was brought by appellee to recover of appellants, F. L. Schuster and Sophia Schuster, his wife, three separate parcels of land in Bowie County. One, a tract of 20 acres, was conveyed to the wife February 17, 1881; another, a city lot, January 19, 1882; and the third, also a tract of 20 acres, September 25, 1885.

The husband being indebted to appellee, the latter, subsequent to the last conveyance, caused an attachment to issue against his property and to be levied upon the lands in controversy. A judgment was obtained against Schuster on the attachment, and by virtue of an execution issued thereon the lands were sold by the sheriff and were bid off by and conveyed to the appellee.

Notice was given at the sale that the lands were claimed by Mrs. Schuster as her separate property. Whether they belonged to her separate estate or not was the question upon the trial of the case. The trial resulted in a verdict and judgment for the plaintiff for undivided two-thirds of the first parcel and for the whole of the third, and for the defendant Mrs. Schuster for the whole of the second and an undivided third of the first.

The title of the defendant Mrs. Schuster to each parcel of the land in controversy was dependent upon a different state of facts as disclosed by the evidence.

The court in its charge to the jury did not apply the law to the facts of each of the three transactions, but gave the following general instructions:

"You are instructed that the judgment which has been offered in evidence before you in favor of plaintiff against F. L. Schuster and the execution issued on said judgment, the levy of the same on the land in controversy, and the sheriff's deed thereto will authorize you to render your verdict in favor of the plaintiff for the land in controversy unless you believe from the evidence that the land in controversy is the separate property of the defendant Mrs. Sophia Schuster, that it was purchased and paid for with money given to her by her mother, and that the plaintiff had notice that the land in controversy was the separate property of Mrs. Sophia Schuster at the time they purchased it at sheriff's sale, in which event you will find for the defendants."

And again, "The burden of proof is on Mrs. Sophia Schuster to show by a preponderance of evidence that the land in controversy is her separate property; that it was purchased and paid for with money given to her by her mother; and if she has failed so to show, you will find for plaintiff."

It is complained that these instructions were erroneous and misleading. They are correct as applied to the lot conveyed to Mrs. Schuster January 9, 1882, and for that lot the verdict and judgment were in her favor. But as to the tract of land previously purchased they were not strictly correct, and as we think may have misled the jury to her prejudice. That tract of land was purchased for and conveyed to her, and at the time of the purchase she paid $100 in money given to her by her mother. There were two deferred payments, each for $100, for which she and her husband gave their promissory notes to the grantors in the conveyance. These notes were paid with money borrowed by her for the purpose. The money so borrowed was repaid with funds given to her by her mother after the deed was executed.

The husband testified to these facts, and also that he did not buy the land for himself, but for his wife. There was no testimony tending to any contrary conclusion. He also swore that at the date of the transaction he was solvent, and gave the dates of several gifts of money to his wife by her mother, the several items amounting to $1600.

The principle applied in Ullman v. Jasper, 70 Texas, 446, is the law of this case. There the wife, having separate funds, purchased two lots, partly on a credit. For convenience the cash payment was applied wholly to one lot, the other being bought wholly on a credit. The deferred payment was made with the wife's means, though the note of the husband was given for it. It was shown that the vendor did not look to him for payment. It was held that the lot purchased on a credit and conveyed to her in her name and paid for with her money became her separate property. It is true that in the present case the wife borrowed the

money to make the deferred payments. But she repaid the loan with her separate money. We do not see that this makes any substantial difference between the two cases. The property was bought for the benefit of Mrs. Schuster's separate estate and was directly paid for in part with her money. It was understood that the balance was also to be paid from her separate funds; and it was in fact so paid, though not directly. A special instruction should have been requested upon the point. But the charge given admits of the construction that unless the notes given for the purchase money were directly paid with Mrs. Schuster's separate money she could not claim the benefit of the payment, although her funds paid the loan with which the debts to the grantors were discharged. If the jury did not so construe it they should have found a verdict for her upon this issue. The charge was at least misleading, and calls for a reversal of the judgment as to the tract of land conveyed to Mrs. Schuster on February 17, 1881.

As to the land purchased September 26, 1885, we have quite a different case. The wife's equity in such cases arises from the actual investment of her separate money or the transfer of her separate property. That tract was paid for in part with a pony valued at $100, and Mrs. Schuster executed two promissory notes amounting to $200 for the balance of the purchase money, with a mortgage on the land to secure them. At the time of the trial they had not been paid. Her husband testified that the pony had been given to her by her son, and that the son, who was only nineteen years old, had worked and made money and bought the pony. The son testified to the same facts. The father is entitled to the services of his minor son. But he may emancipate him and make his future earnings his own; and it may be that creditors have no claim upon the filial obligation and can not complain that such action is in fraud of their rights. But until he is emancipated the son's earnings belong to the father, and the creditors of the latter have the same right to look to them and to the property in which they are invested as to any other effects of their debtor. If the son of the defendants had been emancipated at the time the pony was bought, he and his father best know the fact. Neither of them testified to any formal emancipation or to any circumstance reasonably sufficient to justify the inference that an emancipation in fact actually existed. It results that the pony was in law the property of the father, and the mother acquired no separate right in the land which was paid for in part by it. As to this branch of the case the court, at the request of the appellee, gave an instruction which cured any imperfection in the main charge existing by reason of its generality. That instruction was as follows:

"If you believe from the evidence that the purchase price paid by Sophia Schuster or by F. L. Schuster for the tract of land deeded to the said Sophia Schuster on the 26th day of September, 1885, was $300, con-

sisting of one horse valued at $100 and two notes for the balance, and that said horse was the separate property of Sophia Schuster, and that said notes are still outstanding and unpaid, then one-third of said tract of land would be the separate property of said Sophia Schuster and two-thirds of said tract of land would be community property of said F. L. and Sophia Schuster."

But that instruction is itself assigned as error upon the ground that it is abstract. The charge was applicable to one phase of the case presented by the evidence with reference to the land last conveyed. If a charge was deemed necessary with reference to the state of the title in case the jury should find that the pony was community property, the defendants should have asked that such charge be given.

Other assignments complain of the court's failure to charge upon certain phases of the case. But when no instructions are requested a mere failure to charge upon a particular point is not error. The last assignment of error is too general.

A separate suit could have been brought for each of the three parcels of land for which this action was brought. The controversies as to the several titles grew out of transactions wholly distinct from each other. Such was the case of Cooper v. Lee, 75 Texas, 114, in which this court found error in the proceedings as to one tract of land but no error as to another tract which had been recovered in the same judgment in the court below. In the first instance the judgment as a whole was reversed and the cause remanded, but upon a motion for a rehearing and to reform the judgment, the court affirmed the decree below as to the one tract and reversed and remanded the cause as to the other. (It is to be noted that the action upon the motion does not appear in the report of the case.) In the present case we find reversible error as to the tract of land first conveyed to Mrs. Schuster, but no error as to the last. She recovered the city lot bought January 9, 1882. The judgment of the court below will accordingly be reversed as to the tract of twenty acres of land conveyed to Mrs. Schuster February 17, 1881, and the cause remanded for a new trial as to that. It will in all other respects be affirmed. The appellants will recover the costs of this court except the costs to be allowed the clerk for indexing the statement of facts.

*Affirmed in part.*

*Reversed and remanded as to one tract of land sued for.*

Delivered December 20, 1890.