FULWILER ELECTRIC CO. v. SPANN et al.
(No. 1493.)

(Court of Civil Appeals of Texas. El Paso.
May 24, 1923.)

**1. Infants ⬅⟊58(2)—Tender of goods already repossessed by seller not requisite to disaffirmance.**

Where sellers of truck to minor had retaken possession of it, there was no occasion for the minor to tender a return of the truck as a prerequisite to disaffirmance.

**2. Infants ⬅⟊57(1)—Cross-action held not affirmance of infant's contract.**

Where minor was sued on his note given for price of truck purchased by him from plaintiff, *held*, that his cross-action for seller's conversion of the truck was not to be construed as an affirmance of the sale.

**3. Parent and child ⬅⟊5(1)—Allowing minor to recover, on disaffirmance, property and money belonging to his father, held error.**

Where minor was sued on his note for purchase price of truck, it was error to allow him to recover the value of a truck traded in by him, which the evidence showed belonged to his father, and to recover cash payments made upon the note, which money the evidence showed was earned by him as an unemancipated, unmarried minor, whose disabilities were unremoved, since such money also belonged to his father, whose failure to assert his right thereto was immaterial.

**4. Infants ⬅⟊116—Guardian ad litem held entitled to compensation taxed as part of the costs.**

Where minor successfully defended suit on his note for price of truck sold him, *held* that, although the court on appeal eliminated an item of recovery by the minor of payments made by him, from which item the fee of guardian ad litem had been by the trial court directed to be paid, the guardian ad litem was nevertheless entitled to reasonable compensation to be taxed·as part of the costs of suit, under Rev. St. art. 1942.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by the Fulwiler Electric Company against Oscar Spann and others. From judgment for defendants, plaintiff appeals. Affirmed in part; reversed and rendered in part.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellant.

J. S. Kendall, of Munday, and W. E. Martin, of Abilene, for appellees.

HIGGINS, J. The Fulwiler Electric Company brought this suit against Oscar Spann upon the latter's promissory note in the sum of $2,207.40, payable to the plaintiff in monthly installments of $183.95, with in-

terest, and for foreclosure of mortgage lien upon a Garford automobile truck. The note was given in part payment for said truck, which was sold and delivered by the plaintiff to the defendant.

The defendant answered, setting up his minority upon the date of the execution of the note and at the time of his answer, that he was unmarried, his disabilities as a minor had never been removed and he had never been emancipated; and, by cross-action, sued for a rescission of the contract of sale and to recover payments aggregating $659.90 made upon the note, and the further sum of $1,000, the value of an automobile which he traded to the plaintiff in part payment for the Garford truck at the time the latter was purchased. And further alleged that the plaintiffs had taken possession of the Garford truck and converted the same to their own use and benefit, to his damage in the sum of $3,000.

A guardian ad litem for the defendant was appointed, who represented him in the litigation.

In reply to the defendant's answer and cross-action, Fulwiler Electric Company filed a general denial and set up that the defendant falsely and fraudulently represented to them that he was over the age of 21 years at the time he purchased the Garford truck, and by means of such fraudulent representations induced them to sell and deliver the truck to him, and that he did not intend to pay for the car but intended to defraud plaintiffs out of the value thereof.

The plaintiff also vouched in G. C. Spann,. father of Oscar Spann, and sought judgment against him, but the evidence wholly fails to substantiate the allegations made against G. C. Spann. G. C. Spann answered by denial of the allegations made against him.

Plaintiff also set up that the truck was a necessity for Oscar Spann, he being engaged in truck hauling for a living, and further alleged that while the Garford truck was in the possession of Oscar Spann he had used and damaged the same in the sum of $1,200, which sum exceeded the payments in cash made by Oscar Spann, and the value of the car which Oscar Spann had delivered in part payment at the time he purchased the Garford truck.

The case was submitted to a jury upon special issues, and the following findings made: (1) That Oscar Spann was under 21 years of age at the time he purchased the Garford truck. (2) The plaintiffs knew at the time they sold the truck that said defendant was under 21. (3) That defendant did not obtain the truck by fraud. (4) That the same was not a necessary. (5) At the time the plaintiffs repossessed themselves of the Garford truck it was of the reasonable value of $1,500. (6) The reasonable rental

value thereof during the time it was in the possession of Oscar Spann was $1,500. (7) Oscar Spann had paid plaintiff $735.80 upon the note sued upon since the execution thereof. (8) The value of the Federal truck traded in by Spann to the plaintiff at the time the Garford truck was purchased was $1,000.

Judgment was rendered as follows: In favor of Oscar Spann against the plaintiff for $1,659, with interest; that the plaintiff take nothing against the defendants Oscar and G. C. Spann; that the sale by the plaintiff to Oscar Spann of the Garford truck be rescinded and set aside, together with all notes and contracts made in connection therewith. A fee of $250 was allowed the guardian ad litem to compensate him for his services rendered therein; the same to be paid out of the judgment in favor of Oscar Spann.

From this judgment Fulwiler. Electric Company appeals.

The last two propositions assert that judgment should have been rendered against Oscar Spann upon his cross-action because the evidence is practically undisputed that he made the fraudulent representations concerning his age as alleged, and that the evidence is undisputed that the truck sold him was a necessity. These are both overruled because the jury's findings are to the contrary, and the evidence amply supports the findings made.

[1, 2] The first and fifth propositions assert that appellants were entitled to an instructed verdict in their favor because Oscar Spann refused to return the truck purchased from plaintiffs and was suing to recover such truck or its value.

This is without merit because the pleadings and evidence show that plaintiffs had previously retaken possession of the truck under a right so to do conferred by the mortgage. There was thus no occasion to tender a return of the truck as a prerequisite to disaffirmance. Nor is his cross-action to be construed as an affirmance of the contract and suit for damages resulting from the action of the plaintiffs in repossessing themselves of the truck.

[3] The second, third, and fourth propositions are to the effect that it was error to allow Oscar Spann a recovery of the $1,000, the value of the truck traded in by him, because the evidence discloses that such truck was the property of his father, and as to the cash payments which he had made upon the note he was not entitled to recover those because the money so paid was earned by him while he was an unemancipated minor, unmarried, and his disabilities as a minor unremoved, wherefore such earnings also belonged to his father.

Oscar Spann's own testimony discloses that the truck which he traded to appellants belonged to his father and codefendant. There is none to the contrary. This being the case, Oscar Spann had no right to recover its value.

The undisputed testimony of Oscar Spann also establishes that the payments which he made upon the note and for which he recovered judgment were earned by his running the Garford truck. His own pleadings aver his minority, that he was unmarried, unemancipated, and his disabilities had never been removed.

Under these circumstances the money so paid by him belonged to his father (Schuster v. Bauman Jewelry Co., 79 Tex. 179, 15 S. W. 259, 23 Am. St. Rep. 327; Harper v. Utsey [Tex. Civ. App.] 97 S. W. 508) and the right to its recovery, if any, was vested in the father. The fact that the father has not seen fit to assert his right of recovery does not aid the appellee.

Upon the ruling made it follows that the court erred in rendering judgment in favor of Oscar Spann for the amounts indicated in findings 7 and 8. This conclusion renders it unnecessary to pass upon the sixth proposition.

From what has been said it follows that the court properly denied the plaintiffs any recovery upon the note sued upon, and upon the cross-action of Oscar Spann he was entitled to judgment of rescission, but without recovery back of the $1,659.

The judgment will therefore be affirmed in part, and reversed and rendered in part, in conformity with the rulings made.

[4] This disposition raises a question which is not referred to in the briefs, but which it is nevertheless our duty to dispose of. The trial court allowed the guardian ad litem a fee, and directed that it be paid out of the judgment in favor of Oscar Spann. Under the ruling of this court the judgment in favor of. Oscar Spann for $1,659 is eliminated. The guardian ad litem is nevertheless entitled to reasonable compensation to be taxed as a part of the costs of suit. Article 1942, R. S. The fee allowed the guardian ad litem is therefore ordered taxed accordingly.

Affirmed in part; reversed and rendered in part.