**WARE v. WRIGHT et al.**

No. 14534.

Court of Civil Appeals of Texas. Dallas.

Oct. 31, 1952.

summary judgment, raises meritorious issues of fact for determination of court or jury on trial of the cause; hence provisions of Rule 166-A, supra, have no application, and the trial court erred in entering the judgment; and further, that the court erred in refusing to allow plaintiff to prepare and submit additional affidavits of fact.

The summary judgment provision, Rule 166-A, does not apply where it is apparent in the record that a genuine issue of fact is presented in plaintiff's petition and supporting affidavits, or where facts alleged are denied only by the movant in answer to the suit, or the motion for summary judgment and affidavits or depositions in support thereof clearly show that the plaintiff has a genuine meritorious cause of action; or where, on trial, assuming all the alleged facts to be true, the plaintiff would be entitled to a judgment on trial. The statute is intended to avoid delays of trial where there is no genuine issuable fact, or where such claimed facts are successfully controverted, or by admissions of the plaintiff in answer to the motion, or affidavits in support thereof that such facts alleged do not exist. It is well within the provinces of the trial court in such proceedings to weigh the evidence as disclosed in the record, and, too, in the light most favorable against the movant in determining whether there exists a genuine issuable fact which would, as a matter of law, support a favorable judgment for the respondent on trial. The trial court in such proceedings may not determine the weight to be given the evidence or the credibility thereof. Such is the function of court or jury on trial to the merits.

We are constrained to hold that plaintiff's petition, viewing it from its full context alone, states a cause of action against the defendants which would entitle him to his right of trial before court or jury on the issuable facts alleged. The petition places in issue the question of malicious prosecution, without probable cause, in the Corporation Court of the City of Dallas, filed on an alleged criminal offense. It is there alleged in effect that the several defendants entered into a wanton and mali-

Ed. C. Stearns, Dallas, for appellant.

Fritz, Goldberg & Alexander, Dallas, H. P. Kucera, City Atty. and H. Louis Nichols, Asst. City Atty., of Dallas, for appellees.

BOND, Chief Justice.

Appellant V. L. Ware, as plaintiff in the court below, instituted suit against appellees E. Roy Wright and Edward C. Fritz, and two others, not parties in this appeal, jointly and severally for damages actual and exemplary allegedly resulting from malicious prosecution. This is an appeal from a summary judgment rendered in the suit on motion of Wright and Fritz, defendants, under Rule 166-A, Texas Rules of Civil Procedure, that the plaintiff take nothing as to them and that said defendants go hence with their costs. At the time of the entry of the judgment the plaintiff excepted and made oral request for permission of the court to file and present further affidavits claiming additional issuable facts (not disclosed), which the court refused.

The plaintiff contended in the court below, and presents error here, that his pleadings and affidavits attached having been controverted by the defendants' motion for

cious conspiracy for the purpose of hindering and molesting the plaintiff and, in pursuance thereof, designed a criminal complaint against him; thus caused his arrest and trial on an unfounded charge, resulting in damages as alleged. The petition in extenso alleges and the evidence shows that the plaintiff violated no law, and the charge against him was without probable cause. The allegations of malice and malicious prosecution are issuable facts, which, if true, would support judgment in favor of the plaintiff for his damage.

■ The defendants in answers to plaintiff's petition denied "all and singular the allegations" contained therein and demanded strict proof thereof. Thus, in effect, recognized the plaintiff's right of trial, based on the cause alleged in his petition. However, simultaneously with the filing of said answer, the defendants filed their motion for summary judgment and again denied all factual issues raised in plaintiff's petition, and, in addition thereto, specially alleged that there exists no fact and plaintiff can develop no facts to show that the defendants E. Roy Wright and Edward C. Fritz in any way caused the Corporation Court to bring the charge against the plaintiff Ware, or that these defendants acted in any way with the other defendants in his alleged malicious prosecution; and that because of the serious nature of the charge of plaintiff against these defendants, summary judgment should be immediately granted to them, unless plaintiff can immediately, prior to the time set for hearing, file affidavits setting forth specifically such facts as will sustain his prima facie case as plead against these defendants. In response to the defendants' aforesaid motion and request for specific facts, the plaintiff (respondent) filed answer and affidavits to support his cause of action, wherein he set forth specific facts upon which he claims his cause of action hinged; thus predicating for determination of the court on the motion for summary judgment the efficacy of the facts related as would support the favorable issuable issues alleged in plaintiff's petition. On said responsive answer and affidavits the trial court, on finding that the related facts were absent of any material genuine issues as against the defendants Wright and Fritz as would warrant judgment in favor of the plaintiff, entered the appealed judgment.

■■ A review of the record evidence as presented by the plaintiff upon which he seeks judgment against the defendants Wright and Fritz, is devoid of any overt act, omission or commission on the part of said defendants in bringing about the criminal charges and the prosecution thereof against the plaintiff; but to the contrary the charges and prosecution (which the defendant was found not guilty) were brought about by the enforcing officers of the City of Dallas in discharge of their legal duty. Malicious prosecution of the plaintiff is not presently shown in the record. Whatever was done in the premises by either of the defendants was done within their legal rights and was not motivated, designed, or intended, other than to enforce the penal code for an offense against the plaintiff. Malice cannot be predicated upon acts which the party or parties charged have a right by law to do. Lack of probable cause in doing what was done under the circumstances in this case, as shown in the plaintiff's affidavit, are not issuable facts upon which the plaintiff could successfully hinge a judgment in his favor.

■ The plaintiff's request for time to file additional affidavits in support of his alleged cause of action, in absence of relating context of the facts sought, the trial court was clearly within its discretion in refusing the request; and for the same reason we may not hold that the trial court abused its discretion. The points assigned are overruled. The judgment of the trial court is affirmed.