Gertrude A. DURHAM, et al., Appellants,

v.

I. C. T. INSURANCE CO., Appellee.

No. 14996.

Court of Civil Appeals of Texas. Dallas.

Sept. 30, 1955.

Rehearing Denied Oct. 28, 1955.

Burt Barr and J. Lee Zumwalt, Dallas, for appellants.

J. Alex Blakeley, Dallas, for appellee.

DIXON, Chief Justice.

This suit was filed by appellants Gertrude A. Durham and Wilson Motors, Inc., as plaintiffs against Insurance Company of Texas on a combination automobile insurance policy following a collision in which a car valued at $687 alleged to be owned by appellant Durham was a total loss. Appellant Wilson Motors, Inc. was the mortgagee named in a loss payable paragraph of the policy. Summary judgment was rendered against appellants.

The policy contains this provision: "6a. Except with respect to bailment lease, conditional sale, mortgage or other encumbrance the named insured is the sole owner of the automobile." There is also a provision in the policy that the statements in the policy are the insured's agreements and representations and that the policy was issued in reliance upon the truth of such representations.

Appellee defended on the ground that, though appellant Gertrude A. Durham, the named insured, held legal title to the automobile she was not the true owner as she had represented herself to be, her minor son Martin L. Durham being the true owner; and that by virtue of said fact the policy was of no force or effect.

In support of its motion for summary judgment appellee presented affidavits of appellant Gertrude A. Durham and her minor son, Martin L. Durham.

In an affidavit dated April 22, 1954 Martin Durham stated that he was 17 years of age, was employed as a truck driver, was the owner of the automobile though the title was in his mother's name, and that he had made the down payment of $200 on the car. He also stated that he was making the monthly payments himself, but the record indicates that no monthly payment had been made or was due as the collision occurred on April 18, 1954 only 19 days after the purchase of the car.

In a second affidavit signed April 26, 1954 but sworn to only "to the best of my knowledge," Martin Durham stated that he personally made the deal, selecting the car, and making the arrangements of the trade; that his mother went with him solely to sign the note since he was under age; and that such facts were made clear to Mr. Cubb, salesman for Wilson Motors, Inc.

In an affidavit signed April 20, 1954 appellant Gertrude A. Durham stated that she was the titled owner of the car; that there was a lien on it in favor of Wilson Motors, Inc.; that her son made the down payment of $100 cash and a 1940 Plymouth valued at $100; that he was to make the payments himself.

Appellants contested appellee's motion for summary judgment, relying on several counter-affidavits. In a second affidavit filed January 18, 1955 appellant Gertrude Durham stated that she "bought the car for a family car," and that when she "gave the affidavit to the man for the insurance company that she didn't understand it."

Among affidavits in behalf of Wilson Motors, Inc. was one by Mr. Cubb, the salesman who sold the car, in which affidavit he stated that he sold the car to appellant Gertrude A. Durham, that so far as he knew she was the sole owner, that she signed all papers pertaining to the car, and that he knew nothing about any interest that Martin Durham might have in the car.

In our opinion the record discloses two fact questions with reference to the ownership of the car. It is true that the second affidavit of appellant Gertrude A. Durham does not expressly deny the statements made in her first affidavit. But her assertion that she bought the automobile as a family car and further that she did not understand her first affidavit at the time she made it, are so contradictory of the first affidavit as to amount to a repudiation of it.

At any rate, it is sufficient to raise a doubt, and it is a rule applicable to the granting of summary judgments that all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment; and that the trial court must weigh the evidence in a light most favorable to the nonmovant. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W. 2d 929; Ware v. Wright, Tex.Civ.App., 252 S.W.2d 1003; Loud v. Sears, Roebuck & Co., Tex.Civ.App., 262 S.W.2d 548. Conflicting statements of any one witness as well as in the testimony of different witnesses ordinarily present fact questions to be resolved by the trier of fact issues. Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561, at page 563.

■ The second fact question arises out of the minority of Martin Durham. The general rule is that a parent is entitled to the earnings and services of a minor child unless the minor has been emancipated, that is, freed of the rule of law that his earnings and services belong to his parent. Schuster v. Bauman Jewelry Co., 79 Tex. 179, 15 S.W. 259, at page 260; 31 Tex.Jur. 1314; 67 C.J.S., Parent and Child, § 29, pp. 730, 733. Though Martin Durham, the minor, may have worked and earned the money to make the down payment on the purchase of the automobile, the money and the car it helped purchase belonged to his mother, appellant Gertrude Durham, unless the evidence establishes that the minor had been emancipated. Whether a minor has been emancipated is ordinarily a fact question to be determined from the statements and conduct of the parent and other surrounding circumstances. Hill County Cotton Oil Co. v. Gathings, Tex.Civ.App., 154 S.W. 664, at page 668; 31 Tex.Jur. 1321. In our opinion the question has not been sufficiently developed in the affidavits before us to support a holding that as a matter of law the minor

Martin Durham had been emancipated when the car in question was purchased. We sustain appellants' point No. 1.

Other points urged by appellant are overruled, but our holding on point No. 1 requires a reversal of the trial court's judgment.

The judgment is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.

### On Rehearing.

Appellants in their motion for rehearing say that instead of merely reversing the judgment and remanding the case for a trial on the merits, we should go further and render judgment in their favor.

■ This was a summary judgment based on appellee's motion. We reversed and remanded for trial on the merits because we believe there are fact questions presented in regard to the ownership of the automobile in question. Appellants themselves raised the issue. Here is their point No. 1 on appeal:

"The evidence on appeal was conflicting. The Court, therefore, erred in granting the motion and rendering a summary judgment denying appellants any recovery."

If the evidence was conflicting, as appellants say it was, certainly it would not be proper for us to render judgment on appeal.

■ Moreover, appellants did not file a motion for summary judgment. In the absence of such a motion neither the trial court nor this Court may render a summary judgment in their favor. Rule 166-A, Texas Rules of Civil Procedure.

Appellants' motion for rehearing is overruled.