M. M. HUDGENS, Appellant,

v.

TEXAS CASUALTY INSURANCE COMPANY, Appellee.

No. 8106.

Court of Civil Appeals of Texas, Amarillo.

March 29, 1971.

Edwards and Associates, Inc., Carson Smith, Amarillo, for appellant.

Culton, Morgan, Britain & White, Richardard L. Cazzell, Amarillo, for appellee.

## ON APPELLEE'S MOTION FOR REHEARING

REYNOLDS, Justice.

Our former opinion is withdrawn and the following opinion is substituted therefor:

Appellant appealed from an adverse decision, contending that the trial court erred in rendering summary judgment for appellee and in not rendering summary judgment for appellant.

Following our former opinion reversing and remanding the cause to the trial court, appellee filed its motion for rehearing and in it questions for the first time this Court's jurisdiction of the appeal. This attack is based on the premise this Court erred in granting an extension of time for the filing of the transcript in the absence of evidence from the district clerk to verify the fact that the transcript could not be prepared and ready for filing within sixty days following the overruling of appel-lant's motion for new trial. Appellee relies on Rehkopf v. Texarkana Newspapers, Inc., 460 S.W.2d 939 (Tex.Civ.App.—Texarkana 1970, writ ref'd n. r. e.), but we believe that case is distinguished from the case at bar on the facts.

In the instant proceeding, the order overruling appellant's motion for new trial was rendered and entered on April 16, 1970, and notice of appeal was filed April 23, 1970. By letter dated April 27, 1970, and filed by the district clerk on May 1, 1970, appellant requested the preparation of the transcript and designated the instruments to be included therein "for transmission to the Appellant (sic) Court". Rule 386[1] required the transcript, in this case, to be filed with this Court within the sixty day period ending on June 15, 1970, unless this Court granted an extension of time requested by a motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty day period, showing good cause to have existed within such sixty day period why the transcript could not be so filed. The motion for an extension of time was filed on June 18, 1970, accompanied by the transcript, and this Court granted the motion and the transcript was filed the same day.

Appellee in no manner contested the extension of time granted until the question was raised in its motion for rehearing. Even if appellee's claim of lack of jurisdiction made at this late date is sufficient to require a review of this Court's previous order granting the extension of time, Pruett v. Mabry, 268 S.W.2d 532 (Tex. Civ.App.—Beaumont 1954, with ref'd n. r. e.), we are of the opinion, and hold, after such a review, that this Court has jurisdiction of the appeal.

Upon receipt of the motion for extension of time, this Court, as the trier of the facts, preliminarily was required to determine whether, under Rule 377(c), the

1. All references to rules are to Texas Rules of Civil Procedure.

request for the record was made promptly after notice of appeal was given, Patterson v. Hall, 430 S.W.2d 483 (Tex.Sup.1968), and determined that appellant had acted within a reasonable time. The motion for extension of time allowed by Rule 386 alleged that the district clerk's office was busy with civil dockets and grand juries during the relevant times and there was a miscalculation by the district clerk's office of the sixty day interval following the overruling of the motion for new trial. It was the district clerk's responsibility to comply with appellant's order. The district clerk's certificate to the transcript is dated June 16, 1970, and that was the date the transcript was completed and, in fact, could not have been delivered until that date. Anzaldua v. Richardson, 279 S.W.2d 169 (Tex.Civ.App.—San Antonio 1955, no writ). This date, being one day beyond the sixty day period following the overruling of the motion for new trial, reflects that the transcript could not have been filed in this Court within such sixty day period, and was good cause, within the meaning of Rule 386, to grant the extension of time requested.

As to the merits of the appeal, the record reveals that the case was set for a jury trial for March 5, 1970. On the preceding day, the attorneys for the parties entered into an agreed statement of facts for the limited purpose of the court's determining whether appellee was liable for workmen's compensation benefits; the amount of liability, if found by the trial court, was reserved for a jury's determination. In view of the agreed statement of facts, the subpoenaed witnesses were released. On the morning of March 5, 1970, appellant's counsel withdrew his agreement to the statement of facts and the witnesses being unavailable, the jury panel was dismissed. The attorneys for the parties appeared before the court, appellant's counsel announcing, "I revoke my signature at this time only as to fact questions, and not as to questions concerning matters of law, and still choose to submit this to the court on the theory of the law presented by both sides". Each attorney stated to the court his version of the purported facts and the applicable law. At the conclusion of the presentation, appellee made an oral motion for judgment. The court requested briefs. No motion for summary judgment had been filed by either party until April 2, 1970, when appellant filed a nunc pro tunc motion for summary judgment. Appellee never filed a motion for summary judgment. On April 2, 1970, the trial court, without referring to appellant's motion for summary judgment, entered judgment in the following form (with the formal parts being omitted):

"SUMMARY JUDGMENT

"On the 5th day of March, 1970, came on to be heard the motion of the plaintiff, Texas Casualty Insurance Company, for judgment in the above entitled and numbered cause, and came the plaintiff by its attorney and came the defendant by his attorney, and all parties announced ready upon said motion for summary judgment; and it appearing to the court that such motion has been made in proper form and time, that proper service thereof has been made, and that the parties are before the court for a hearing thereon; and the court, having considered the pleadings, the affidavit on file, the arguments of counsel and the briefs furnished by counsel at the request of the court, show an absence of any genuine issue of any material fact relating to whether or not workmen's compensation insurance issued by Texas Casualty Insurance Company was in full force and effect on January 18, 1969, the date the said M. M. Hudgens sustained injuries, and that the court is of the opinion that such motion for summary judgment should be in all things sustained as to the said Texas Casualty Insurance Company.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that said motion be, and the same is hereby,

in all things sustained and that the said M. M. Hudgens do have and recover nothing of and from the plaintiff Texas Casualty Insurance Company, and that the said Texas Casualty Insurance Company, original plaintiff and cross-defendant, go hence without day with its costs and that execution issue on its behalf for all its costs, to all of which original defendant and cross-plaintiff, M. M. Hudgens, through his attorney in open court excepted."

Thereafter appellant filed a motion for new trial and on April 16, 1970, the trial court overruled the motion by an order entered in the following form (with the formal parts being omitted):

"ORDER OVERRULING MOTION FOR NEW TRIAL

"ON THIS 16th day of April, 1970, it having been called to the Court's attention that defendant has filed herein a motion for new trial for the purpose of setting aside the summary judgment heretofore entered on the 2nd day of April, 1970, and the Court being of the opinion that under the record in this cause the summary judgment was properly entered,

"IT IS, THEREFORE, ACCORDINGLY ORDERED, ADJUDGED AND DECREED that defendant's motion for new trial be, and the same is hereby, overruled without further hearing thereon."

Subsequent to the overruling of appellant's motion for new trial, appellant requested the trial judge to state the findings of fact and conclusions of law found by him. On May 15, 1970, the trial judge made and filed 31 designated findings of fact and 10 designated conclusions of law.

■ The judgment entered by the trial court purports to be a summary judgment granted to appellee on the basis of the absence of any genuine issue of any material fact. Rule 166–A(c) requires a motion for summary judgment to be served; hence, it must be in writing. The proceeding before the court in this instance did not constitute a waiver of the requisites of a motion for summary judgment. Since appellee had not filed nor given notice of a motion for summary judgment and appellant never had been called upon to defend against such a motion, the trial court was without authority to render summary judgment for appellee. Rule 166–A; Republic National Bank of Dallas v. Southern Brokerage Company, 338 S.W.2d 295 (Tex.Civ.App. —San Antonio 1960, writ ref'd n. r. e.); Durham v. I. C. T. Ins. Co., 283 S.W.2d 413 (Tex.Civ.App.—Dallas 1955, writ dism'd).

■ Appellee contends that in any event it is entitled to judgment on the trial of the case before the court. The illation is that the trial court did not grant appellee a judgment upon the trial of the case, but granted it a summary judgment in the absence of a motion therefor. Appellee accepted the "summary judgment" entered in its favor in the trial court, and not until such judgment was attacked on appeal did appellee insist that such judgment is one to which appellee was entitled on the trial of the merits. If appellee is entitled to a judgment on the merits, it must receive it in the trial court, and at this time under this record it has not received it there. Republic National Bank of Dallas v. Southern Brokerage Company, supra.

Appellant asserts he is entitled to a summary judgment by virtue of his nunc pro tunc motion. Although findings of fact have no place in summary judgment proceedings, the trial judge, at appellant's request, found some 31 fact issues, some of which are genuine issues of material fact, and these preclude the granting of summary judgment. Rule 166–A.

Appellee's motion for rehearing is overruled, and the summary judgment is reversed and the cause is remanded to the trial court.