Jane D. BELL, Appellant,

v.

TACA, INC., and Doubleday Broadcasting
Co., Inc., Appellees.

No. 4592.

Court of Civil Appeals of Texas,
Eastland.

Feb. 23, 1973.

Carrington, Coleman, Sloman, Johnson &
Blumenthal, David Radunsky, Dallas, for
appellant.

Haynes & Boone, Robin P. Hartmann,
Dallas, Satterlee & Stephens, Robert M.
Callagy, New York City, for appellees.

WALTER, Justice.

Jane D. Bell filed suit against TACA
and Doubleday Broadcasting Company, a
corporation, for rescission of a contract al-
legedly induced by fraud and for actual
and exemplary damages. Doubleday filed
an answer seeking indemnity against
TACA in the event Bell recovered judg-
ment against it. The court granted
TACA's motion for summary judgment
and entered a summary judgment in favor
of Doubleday although Doubleday had not
filed a motion for summary judgment.
The judgment recites that the court consid-
ered TACA's motion for summary judg-
ment and provided:

"IT IS THEREFORE ORDERED, AD-
JUDGED AND DECREED that Plaintiff
Jane D. Bell take nothing of either De-
fendant, and that all costs incurred herein
are taxed against Plaintiff, Jane D. Bell."

■  Bell had appealed and contends the
court erred in rendering a summary judg-
ment in favor of Doubleday because it did
not file a motion for summary judgment.
In Hudgens v. Texas Casualty Insurance
Company, 465 S.W.2d 832 (Tex.Civ.App.
—Amarillo 1971, writ ref'd. n. r. e.) at
page 835, the Court said:

"Since appellee had not filed nor given
notice of a motion for summary judg-
ment and appellant never had been called
upon to defend against such a motion,
the trial court was without authority to
render summary judgment for appellee.
Rule 166–A; Republic National Bank of
Dallas v. Southern Brokerage Company,
338 S.W.2d 295 (Tex.Civ.App.—San An-

tonio 1960, writ ref'd n. r. e.); Durham v. C. I. T. Ins. Co., 283 S.W.2d 413 (Tex. Civ.App.—Dallas 1955, writ dism'd)."

We are of the opinion that the court erred in granting Doubleday a summary judgment.

■ We will now consider the appellant's appeal from the judgment of the trial court granting TACA a summary judgment. The judgment recites that the court heard Bell's motion for summary judgment and TACA's motion for summary judgment at the same hearing. The court expressly overruled Bell's motion and granted TACA's motion for summary judgment. We find no merit in Bell's contention that the court erred in refusing to grant her motion for summary judgment. Bell pleaded substantially as follows:

That TACA knowingly and for the purpose of inducing persons to place higher bids on a seven day Caribbean Cruise caused the retail value of the cruise to be misrepresented as being $1100; that she watched the TV auction and after hearing the representation that the cruise had a retail value of $1100 was induced to bid in competition with other bidders and was ultimately the highest bidder and purchased the cruise for $720; that she would not have bid such amount had she not reasonably relied on the material misrepresentation by TACA about the retail value of the cruise and that when she discovered the fraud she elected to rescind the contract by returning the cruise tickets and demanding the return of her $720.

In Bell's request for admissions TACA admitted:

When soliciting bids for the cruise it represented the retail value to be $1100 and stated that it could neither admit nor deny that the cruise had a retail value of $900. There was attached to the request for admissions Exhibit B which described the cruise and recited that it had a retail value of $1100 and TACA was called upon to admit that this was a copy of TACA's

TV auction certificate. It admitted that the statement was correct but that it could neither admit nor deny the authenticity of the material contained therein.

Following the appropriate and applicable rules relating to summary judgments as set forth in Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.Sup.1965) and Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.Sup.1970), we are compelled to hold that the court erred in rendering summary judgment for TACA. TACA contends it is entitled to a summary judgment based on plaintiff's original petition, defendant's original answer and the deposition of Jane D. Bell.

The summary judgment proof does not establish as a matter of law that there is no genuine issue of fact relating to the issue of fraud.

The judgment is reversed and the cause is remanded.