**RIO GRANDE CITY CONSOLIDATED INDEPENDENT SCHOOL DISTRICT,
Appellant,**

v.

**Noel GUERRA et al., Appellees.**

**No. 3367.**

Court of Civil Appeals of Texas.

Waco.

May 17, 1956.

Rehearing Denied June 7, 1956.

A. J. Vale, Rio Grande City, L. Hamilton Lowe, Austin, for appellant.

Hill, Lochridge & King, Mission, for appellees.

TIREY, Justice.

This is an appeal from a summary judgment in which the court sustained certain special exceptions to the plaintiff's original petition and plaintiff declined to amend and the court dismissed the cause.

The judgment is assailed on three points. They are substantially: (1) The court erred in dismissing the cause; (2 and 3) the court erred in sustaining defendants' special exceptions Nos. 1 and 2.

Appellant makes this statement of the case: "Plaintiff, an Independent School District of the State of Texas, instituted this suit against the defendants, who were the principals and the sureties on a supersedeas bond, seeking to recover under the provisions of Rule 364(g) of the Texas Rules of Civil Procedure. * * *. The First State Bank & Trust Company, of Rio Grande City, Texas, was made a party defendant, but filed a disclaimer * * *."

Plaintiff went to trial on its original petition. During the argument it waived the provisions of paragraph 5, and we quote the pertinent provisions of the petition, omitting the formal parts and paragraph 5:

"1. Plaintiff was a defendant and the defendant First State Bank & Trust Company of Rio Grande City, Texas, was plaintiff in a suit instituted and prosecuted to final judgment in the District Court of Starr County, Texas, being Cause No. 2780, styled First State Bank & Trust Company of Rio Grande City, Texas v. Noel Guerra et al. The defendants Noel Guerra, Aniceto Villarreal, Bruno Lozano, Joaquin Gutierrez, Jr., and Jose Venecia were defendants in such suit. Judgment was rendered in favor of the plaintiff, as defendant in said suit, declaring that the Board of Trustees of the Rio Grande City Consolidated Independent

School District were entitled to have custody of, and to administer and to control all funds belonging to said District or to the Rio Grande City Independent School District and Grulla Independent School District on deposit with the First State Bank & Trust Company of Rio Grande City, Texas, including the $420,500.00 fund representing the proceeds of the sale of bonds of Common School District No. 1, and all accrued interest thereon. A copy of said judgment is attached hereto and marked Exhibit 'B' and expressly made a part hereof for all purposes.

"2. After the entry of the judgment above described, on December 18, 1953, the defendants Noel Guerra, Jose Venecia, Joaquin Gutierrez, Jr., Bruno Lozano and Aniceto Villarreal filed a motion in the District Court of Starr County requesting the judge of said court to fix a supersedeas bond to stay the enforcement of such judgment pending appeal, which motion was granted and the amount of the supersedeas fixed at $75,000.00. A copy of such motion and order are attached hereto and marked Exhibit 'C', and expressly made a part hereof for all purposes. In accordance with said order, said defendants did make, execute and file in said court a supersedeas bond in said amount with the defendants H. P. Guerra, J. H. Guerra and G. A. Guerra as sureties, a copy of which bond is attached hereto, marked Exhibit 'A' and expressly made a part hereof for all purposes. Said bond was approved and filed by the Clerk of the District Court of Starr County, Texas, on the 8 day of January, 1954.

"3. As a result of the execution and filing of said bond by the above named defendants as principals and sureties, payable to the plaintiff Rio Grande City Consolidated Independent School District and the defendant First State Bank & Trust Company of Rio Grande City, Texas, the judgment was not enforced until after the return of the mandate from the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, on November 9, 1954.

"4. The judgment of the District Court was in all things affirmed and in accordance with the provisions Rule 364(g) of the Texas Rules of Civil Procedure all of the defendants other than the defendant First State Bank & Trust Company of Rio Grande City, Texas, became liable to pay to the plaintiff the sum of $75,000.00, the plaintiff being a subdivision of the State in its governmental capacity.
* * *

"6. Plaintiff says that the defendant bank, which was one of the payees in said bond, has not been injured or damaged by said appeal and the resulting delay in the exercise of control over such funds by the Board of Trustees of plaintiff district, but on the other hand has been greatly benefited thereby in that it has been enabled to keep such funds intact in its coffers and for use in its banking business without having to pay any interest thereon, and therefore it is not entitled to any benefits from the supersedeas bond, and all the damages awarded herein should be decreed to be paid to plaintiff.

"Wherefore, plaintiff prays judgment against the defendants Noel Guerra, Aniceto Villarreal, Bruno Lozano, Jose Venecia, Joaquin Gutierrez, Jr., H. P. Guerra, J. H. Guerra, and G. A. Guerra, jointly and severally for the sum of $75,000.00, together with interest thereon from the date of judgment until paid at the legal rate of six per cent per annum, and for all costs of suit. And plaintiff further prays that it have judgment against the defendant First State Bank & Trust Company of Rio Grande City, Texas, declaring that it has not been damaged by the posting of the supersedeas bond and is therefore not entitled to any recovery on said bond."

Attached to plaintiff's petition was a copy of the supersedeas bond filed in Cause No. 2780, styled First State Bank & Trust Company of Rio Grande City, Texas, v. Noel Guerra et al. The bond was executed by the appellees here and was payable to the Rio Grande City Consolidated Independent School District and its trustees and successors and assigns and The First State Bank & Trust Company of Rio Grande City, Texas, its successors and assigns in the sum of $75,000. The bond, among other things, provided:

"The condition of this bond is such, that whereas judgment was rendered on the 18th day of December, 1953, in the above entitled action, in the 79th District Court of Starr County, Texas, disposing of said cause in such manner as to decree the trustees of said Rio Grande City Consolidated Independent School District the proper custodians of the funds in issue, now on deposit with the plaintiff in interpleader First State Bank & Trust Company of Rio Grande City, Texas, and awarding said plaintiff in interpleader its attorneys fees; and against the above named principals herein, which said judgment was docketed on the 18th day of December, 1953, and whereas the said principals herein desire to supersede said judgment pending appeal therefrom:

"Now, therefore, if the aforesaid principals undersigned shall prosecute their appeal or writ of error with effect, or in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against them, then if the principals shall perform its judgment, sentence or decree and pay all such damages as may be awarded against them, then this obligation to be void; otherwise, to remain in full force and effect."

We quote the pertinent parts of the judgment that the foregoing bond superseded:

"And the court having heard the motion for summary judgment and the answers and affidavits in opposition thereto, is of the opinion that said motion is good and should be sustained insofar as it prays for the denial of all parties other than the movants of all relief sought by them, except for the attorneys fees prayed for by the plaintiff in interpleader;

"The court accordingly ordered that said motion be sustained, except insofar as same may pray for the denial of attorneys fees to the plaintiff in interpleader, all in accordance with the provisions of this judgment below set out; and the court ordered the cause to be reset for December 18, 1953, at 9:30 o'clock A.M., at which time the court would consider the matter of attorneys fees to be allowed said plaintiff in interpleader; and, at which said time the court announced that judgment herein would be made final, to which said order of the court the defendants Grulla Independent School District and its several trustees excepted.

"And on this 18th day of December, 1953, came on to be heard the matter of the amount of the attorneys fees to be adjudged to the plaintiff in interpleader.

"And came the plaintiff in interpleader by the said Robert A. Graham, its attorneys of record, the defendants Rio Grande City Consolidated Independent School District et al, by their attorney A. J. Vale and the defendant Grulla Independent School District by its attorneys, Hill, Lochridge, King and Hodson by Vernon B. Hill and Neal King;

"Whereupon the parties stipulated in open court that the sum of $750.00 is a reasonable sum to be awarded to the plaintiff in interpleader, First State Bank & Trust Company of Rio Grande City, Texas, which the court finds to be a reasonable sum to be allowed said plaintiff in interpleader for such attorneys fees;

"And the court proceeded to render his final judgment herein:

"It is, accordingly, ordered, adjudged and decreed that the defendants in interpleader, Grulla Independent School District, Noel Guerra, Jose Venecia, Manuel Gonzalez, Jr., Joaquin Gutierrez, Jr., Bruno Lozano, Aniceto Villarreal, and Ramiro Garcia take nothing by their answer and that all relief sought by said parties be and is hereby expressly denied;

"It is further ordered, adjudged and decreed that the defendants in interpleader Efrain A. Duran, Rebecca G. Rodriguez, Brijido Lopez, Francisco Margo, Willard M. Thompson, Trinidad Vela and J. M. Longoria and their successors in office are and shall be considered, the duly elected and qualified Trustees of the Rio Grande Consolidated Independent School District, and as such entitled to have custody of, and to administer and to control, all funds now belonging to said District or to Rio Grande City Independent School District and Grulla Independent School District on deposit with the plaintiff in interpleader First State Bank and Trust Company of Rio Grande City, Texas, and including the $420,500.00 fund representing the proceeds of the sale of bonds of Common School District No. 1 (later Grulla Independent School District), and all accrued interest thereon;

"It is further ordered, adjudged and decreed that the plaintiff in interpleader First State Bank and Trust Company do have and recover of and from the defendants Efrain A. Duran, Rebecca G. Rodriguez, Brijido Lopez, Francisco Margo, Williard W. Thompson, Trinidad Vela, J. M. Longoria, individually and as trustees of defendant Grulla Independent School District, jointly and severally, all costs of this suit and the sum of $750.00 as attorneys fees; and that all costs of suit are hereby taxed to said defendants, jointly and severally; which said attorneys fees and costs shall be paid from the fund herein in issue.

"All relief not hereby expressly granted is hereby expressly denied.

"To which judgment of the court the defendants Noel Guerra, Jose Venecia, Manuel Gonzalez, Jr., Joaquin Gutierrez, Jr., Bruno Lozano, Aniceto Villarreal, Ramiro Garcia, individually and as trustees of the Grulla Independent School District then and there excepted and objected and gave notice of appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas sitting at San Antonio."

The San Antonio Court, on June 9, 1954, in Gonzalez v. Rodriguez, Tex.Civ.App., 270 S.W.2d 440, 442, held that "the judgment denying the election contest is affirmed, and the judgment that the Rio Grande Consolidated Independent School District is entitled to the custody, administration, and control of the funds of the two districts consolidated is also affirmed."

Going back to the plaintiff's original petition we quote defendants' special exceptions 1 and 2. They are:

"1. Defendants except to the plaintiff's petition as a whole for the reason that same does not state in what way the plaintiff was injured. The defendants are entitled to be advised of the plaintiff's contention in this respect so that they may prepare their defense.

"2. Defendants except to the plaintiff's petition as a whole for the reason that the only relief sought by defendant in their appeal from the judgment of the court in Cause No. 2780 in this court, wherein the supersedeas bond in question was given, was that the funds in question be left intact pending appeal, the disposition of said funds to follow as of course the disposition of the election contest case to which said Cause No. 2780 was an ancillary or companion case, which relief was in effect granted by the Court of Civil Appeals, to which court the Supreme Court refused a writ."

With reference to the foregoing exceptions appellant stated in its brief:

"The defendants in their Special Exception No. 1 raised the point that the plaintiff's pleading did not state in what way it was injured, and, therefore, the alternative allegations set forth in paragraph 5 of plaintiff's petition did not state a cause of action. In view of this special exception, the plaintiff abandoned the alternative allegation, since no compensable injury could be shown under the facts. That is, but for the express provisions of Rule 364(g) and as the law existed prior to the adoption of that rule, effective December 31, 1947, no cause of action for damages suffered by this governmental agency could be stated. The suit out of which the supersedeas grew was an interpleader suit filed by the depository bank, and the judgment rendered was a declaratory judgment declaring the right of the persons who composed the Board of Trustees of the Rio Grande City Consolidated Independent School District to control and administer the funds in the depository bank in their official capacities. That the plaintiff is 'a subdivision of the State in its governmental capacity' is established by definite holdings of the Supreme Court of Texas. Love v. City of Dallas, 120 Tex. 351, 40 S.W.2d 20; Lewis v. Independent School Dist., 139 Tex. 83, 161 S.W.2d 450; DuPuy v. State, 135 Tex.Cr.R. 595, 121 S.W.2d 1003; Independent School District [of City of El Paso] v. Central Education Agency, Tex.Civ.App., 247 S.W.2d 597, affirmed in [152 Tex. 56] 254 S.W. 2d 357.

"The reason Rule 364(g) was adopted was to meet situations like this one where the State, a municipality, or a State governmental agency is deterred from the performance of its public duties by the posting of a supersedeas bond. Such public bodies have no 'pecuniary interest' in the subject matter of suits of this nature and 'no monetary damages can be shown.' The

case out of which this rule grew is State v. Watts, Tex.Civ.App., 197 S.W. 2d 197, writ ref. In that case, the court pointed out that unless actual compensable damages to the State or one of its agencies can be shown, the State or agency has no recourse under the general law governing supersedeas bonds."

Appellant in its brief says:

"This is a case of first impression under Rule 364(g). However, it is so plain and obvious that the rule was written for the purpose of protecting the public against delays and interference with the functioning of governmental agencies through the filing of supersedeas bonds without any liability therefor, that we confidently submit the case to this Honorable Court and ask that it be reversed and the trial court ordered to proceed to trial on the merits."

Going back to the decision of Gonzalez v. Rodriguez (Guerra v. First State Bank), Tex.Civ.App., 270 S.W.2d 440, supra, it is our view that the Court of Civil Appeals by deciding the election contest and the interpleader in one suit did what the appellees here contend should be done. The decision surrendered the fund to the ultimate victor in the election contest. We find nothing in that opinion that suggests that plaintiff district should have been allowed to expend the fund during the pendency of the contest, as the appellant insists here.

■ As we understand appellant's position here, it is to the effect that they have not alleged any measure of damages, nor have they tendered any proof of such damage. Under the foregoing conditions, we think the asserted cause of action comes within the established policy of our courts to the effect that "it is contrary to the policy of the State to permit the machinery of its courts to be set in motion at the instance of one who can in no event be profited thereby." The foregoing doctrine was announced by our Supreme Court in Logan v. Thomason, 146 Tex. 37, 202 S.W.2d 212,

point at page 215. We believe such doctrine is applicable and controlling here and for that reason judgment of the trial court should be affirmed.

Accordingly, the judgment of the trial court is affirmed.