Charles F. DAVIS and United States Fidelity & Guaranty Company, a corporation, Appellants,

v.

STATE of Texas ex rel. INCORPORATED TOWN OF ANTHONY, and the Incorporated Town of Anthony, Appellees.

No. 5309.

Court of Civil Appeals of Texas.

El Paso.

Feb. 18, 1959.

Rehearing Denied March 11, 1959.

See also 298 S.W.2d 219.

**638**

Guinn & Guinn, El Paso, for appellants.

W. V. Geppert, Asst. Atty. Gen., Will Wilson, Atty. Gen., Andress, Lipscomb, Peticolas & Fisk, William B. Jennings, El Paso, for appellees.

ABBOTT, Justice.

This is an appeal from a summary judgment granting appellee a recovery for the face amount of a supersedeas bond under Rules 166–A and 364, section (g), of the Texas Rules of Civil Procedure.

The judgment is assailed on two points:

(1) The honorable trial court erred in granting appellee's motion for summary judgment;

(2) The honorable trial court erred in entering summary judgment finding that Rule 364(g), Texas Rules of Civil Procedure, applied to plaintiff's petition.

These points will be considered together, as they were so treated in both appellant's and appellee's briefs.

The State of Texas and the Incorporated Town of Anthony brought suit April 6, 1956, against Charles F. Davis, and, as a result, gained a judgment ordering Davis to commence, and with reasonable diligence complete, the removal from the public dedicated streets within the incorporated Town of Anthony, Texas, all the pipes, valves, fittings, meters and other property owned or used by Davis, his agents or employees, in the water distributing service which he had operated for forty years. There was not a money judgment involved. However, the court set a supersedeas bond in the amount of $5,000 conditioned that Davis should prosecute his appeal with effect, and, in case the judgment should be finally against him, he should perform its judgment and decree, and *pay all such damages* as said court might award against him, *and any damages occasioned by the delay* on appeal.

Davis did not prosecute his appeal with effect and this present suit was brought against him on the supersedeas bond, alleging certain damages, some actual and some speculative, and, in the alternative, asking for the face amount of the bond under Rule 364, section (g), Texas Rules of Civil Procedure. Upon filing this suit, appellee The State of Texas, ex rel. Incorporated Town of Anthony, and the Incorporated Town of Anthony, filed its motion for summary judgment under Rule 166–A, Texas Rules of Civil Procedure, alleging that no genuine issue of fact existed; and, under the provisions of Rule 364(g) of the Texas Rules of Civil Procedure. They asked for a judgment for the face amount of the bond, stating that appellee was a subdivision of the State in its governmental capacity, and was such that it, in said judgment, had no pecuniary interest in it; the same was not a money judgment, and no exact ascertainment of monetary damages could be shown. Appellee filed its First Amended Motion for Summary Judgment under Rules 166–A and 364(g), Texas Rules of Civil Procedure, and attached thereto an affidavit of a certified public accountant stating that the amounts of the damages stated in plaintiff's original petition were true and correct.

Appellant answered appellees' original petition denying the amount of damages, and filed his special exceptions thereto. Appellant filed his answers to appellees' motion for summary judgment, again denying the amount of damages under oath, and denying that section (g) of Rule 364 was applicable in this case.

Upon hearing, the trial court granted appellee the summary judgment, and the face amount of the supersedeas bond prayed for.

■ Upon motion and hearing for summary judgment, it is the duty of the court to examine the entire showing and consider, in connection therewith the pleadings and admissions of the parties merely to determine whether, in fact, there is a disputed fact issue to be tried. In no case is the court to pass on the credibility of an affiant or witness at a hearing on a motion for summary judgment. Neither is the court to consider the weight of the evidence. Texas Law Review, Vol. 22, page 437; De La Garza v. Ryals, Tex.Civ. App., 1951, 239 S.W.2d 854 (ref., n. r. e.); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. In a motion for summary judgment the court accepts as true all evidence of the party opposing the motion which tends to support such party's contention and gives the party the benefit of every reasonable inference which properly can be drawn in favor of such party's position. Reese v. Davitte, Tex.Civ.App., 1953, 255 S.W.2d 1015 (err. dism.).

■ The summary judgment provision, Rule 166–A, does not apply where it is apparent in the record that a genuine material issue of fact is presented in plaintiff's petition and supporting affidavits. Ware v. Wright, Tex.Civ.App., 1952, 252 S.W.2d 1003. In this present case, appellee-plaintiff plead certain damages and, by affidavit attached to the motion for summary judgment, verified by reference those damages plead in plaintiff's original petition. Appellant filed his exceptions to those alleged damages, and we believe that, unless Rule 364(g) is controlling, the summary judgment was not justified.

■ Rule 364, section (g), Texas Rules of Civil Procedure, states:

"Where the judgment is in favor of the State, a municipality, a State agency, or a subdivision of the State in its governmental capacity, and is such that the judgment holder has no pecuniary interest in it and no monetary damages can be shown, the bond shall be allowed and its amount fixed within the discretion of the trial court, and the liability of the appellant on the bond shall be for its face amount if the appeal is not prosecuted with effect. The discretion of the trial court in fixing the amount of the bond shall be subject to review. Provided, that under equitable circumstances and for good cause shown by affidavit or otherwise, the court rendering judgment on the bond may allow recovery for less than its full face amount."

Both appellant and appellee cite Rio Grande City Consolidated Independent School District v. Guerra, Tex.Civ.App., 1956, 291 S.W.2d 384, as the only case decided by our appellate courts concerning Rule 364(g). The facts in the cited case were such that the School District failed to prove damages, and therefore the court would not allow a recovery on the bond. From this ruling by the learned court, it is apparent that, under the Rule, there is not an arbitrary forfeiture for the face amount, and under the Rule the court "under equitable circumstances and for good cause shown by affidavit or otherwise, the court rendering judgment on the bond, may allow recovery for less than its full face amount." We cannot believe that the intent of this rule is to penalize those who appeal their causes of action from an adverse decision because the State or a subdivision thereof is the opposing party. It is agreed by both appellant and appellee that this rule was adopted because of State v. Watts, Tex.Civ.App., 197 S.W.2d 197. In the Watts case, some thirty loan companies were enjoined by the State from violating what is known as the "Loan Shark Act," Vernon's Annotated Civil Statutes, Art. 4646b; and, upon appeal, a supersedeas bond was filed. Appellants did not prosecute their appeal with effect, and the State brought suit on the bond. The State was not allowed to recover because they could not show any "loss or damage." Prior to Rule 364(g), the movant against a supersedeas bond was required to show that the appeal was

**640**

not prosecuted with effect, and also the extent of his damage or loss. There was an exception to this, in that the Legislature provided a penal bond where injunctions were issued under the Texas Liquor Control Act, Vernon's Ann.Civ.St. art. 666–1 et seq., and such bond was subject to forfeiture if the appeal was not prosecuted with effect. It will be noted, in both the Watts v. State and the exception, as under the Texas Liquor Control Act, that injunctions were issued enjoining the parties from violation of specific laws. We do not believe that the case at bar is subject to Rule 364(g), in that damages had been plead and may be proven upon hearing, and appellant has denied the extent of such damages; and, for the reasons above stated, we find that the question of the extent of the damages has created a material fact issue, and should be decided upon trial of this cause.

For the reasons stated, we reverse the judgment of the trial court, and remand the cause.

LANGDON, C. J., not sitting.