## D. C. Hall v. H. M. White.

### No. 995. Decided March 25, 1901.

**1. School Land—Purchase—Settlement.**

A settlement in good faith by a purchaser of school land upon another tract near to and believed by him to be the land purchased may constitute an "actual settlement" upon the land, within the meaning of the law requiring such settlement by a purchaser. (P. 454.)

**2. Statutory Construction—Re-Enactment.**

An amendment of a statute which re-enacts language previously construed by the court, without modification, is presumed to intend the adoption of such language with the construction which was placed upon it. (P. 454.)

Error to the Court of Civil Appeals for the Third District, in an appeal from San Saba County.

Hall sued White and recovered a judgment from which defendant appealed, and on its affirmance obtained writ of error.

*Leigh Burleson* and *Rector & Brown,* for plaintiff in error.—When an applicant to purchase a section of school land as an actual settler attempts in good faith to settle on the same and in good faith believes that he has settled on the same prior to the date of his application, when in fact, by mistake, he has not settled on the land purchased, but on an adjoining tract, where there were reasonable grounds for such mistake, the attempted settlement and purchase will give a right superior to that of a junior application to purchase the same land as additional land.

Where a purchaser of State school land as an actual settler thus fails to settle upon the land he has purchased, though in good faith believing that he has done so, but as soon as he discovers his mistake, and before the rights of anyone else have supervened, moves onto the land purchased, and thereafter in good faith occupies the same as his home, his purchase and the award of the land to him will thereby become valid and operative from date of the award to him, and no subsequent applicant to purchase said land can take advantage of his first mistake, which was remedied before the rights of the subsequent applicant to purchase attached, and such applicant could not complain of a mistake by which he had not been misled and from which he had suffered no injury. Chancy v. State, 19 S. W. Rep., 710; Thomson v. Hubbard, 53 S. W. Rep., 843.

*Allison & Walters,* for defendant in error.—An actual settler on State school land is one who in good faith has made a real settlement on the land by establishing his residence thereon, and not merely an intention to settle; and the burden of proof is upon the person claiming such settlement to establish by a preponderance of evidence that the settlement was made on the land at the time of the application to purchase. Whether or not one is an actual settler is a question to be de-

termined with reference to the facts of each particular case, and a verdict settling this issue in favor of either party will not be disturbed where there is evidence (or lack of evidence) sufficient to support the finding of the lower court upon this issue. Rev. Stats., arts. 4218f-4218fff; Baker v. Millman, 77 Texas, 47; Luckie v. Watt, 77 Texas, 262; Snyder v. Nunn, 66 Texas, 256; Taylor v. Burke, 66 Texas, 646; Jordan v. Payne, 18 Texas Civ. App., 382; Atkenson v. Bilger, 4 Texas Civ. App., 99; Hart v. Menefee, 45 S. W. Rep., 854; Waggoner v. Daniels, 44 S. W. Rep., 946; Borchers v. Mead, 43 S. W. Rep., 300; Metzler v. Johnson, 20 S. W. Rep., 1116.

GAINES, CHIEF JUSTICE.—This suit was brought by the plaintiff in error to recover of defendant in error a section of school land. The trial was without a jury and resulted in a judgment for the plaintiff. Upon appeal, the Court of Civil Appeals reversed the judgment of the trial court and rendered judgment for the defendant.

The trial judge did not file his conclusions of fact and law; but the Court of Civil Appeals in their opinion state the facts as follows:

"On August 3, 1898, appellant filed his application in due form, as required by law, in the General Land Office, to purchase the land in controversy, section 14, and made the payments as required, and on the same day executed his obligation for the deferred payments, as required by law. On August 3, 1898, the land was awarded to the appellant by the Commissioner of the Land Office. The land in controversy is situated in a large pasture owned by Mr. Gibbons. The appellant was ignorant of the boundaries of the survey in question and he requested Mr. Gibbons, who claimed to be familiar with the lines and boundaries of the survey, to point the same out to him so that he could locate thereon and take actual possession as required by law; and that at the time of making his application and prior thereto, Mr. Gibbons did, as requested, point out what was supposed to be the land in controversy, and the appellant in good faith went upon the land as pointed out by Mr. Gibbons, at the time truly believing that he was in possession of survey 14; that he in good faith remained in possession of the land pointed out by Mr. Gibbons, under the bona fide belief that he was in actual possession of the land he intended to purchase, that is, survey No. 14. About July 18, 1899, the appellant for the first time ascertained that he had made a mistake in locating and settling upon survey No. 14; that the place pointed out by Mr. Gibbons as being upon that survey and the place where he had erected his house was not on survey No. 14; and that immediately upon discovering such mistake, he moved on to survey 14 and took actual possession of the same. Thereafter, the appellee Hall made his application to the Commissioner of the Land Office to purchase survey No. 14, and accompanied the same with a tender of the payments and obligations required by law, but the commissioner refused to award him the survey, and his application was rejected."

In conclusion they say: "It is clear from the facts as stated that a mistake was made by the appellant in his effort to take actual possession of the land purchased by him, and that that mistake was corrected before the appellee made his application to purchase." And after referring to the case of Thomson v. Hubbard, 53 Southwestern Reporter, 843, the court further say: "We, there, following the rule announced in Chancy v. State, 19 Southwestern Reporter, 710, held that this mistake would not invalidate his title, and such we understand to be the rule announced in the latter case. There is no question of innocent purchaser by the opposing party asserted in this case; nor did he acquire or attempt to acquire any right prior to the time that the appellant corrected the mistake,—that is, by moving upon and taking actual possession of the land awarded to him by the State."

When we granted the writ of error, we were of opinion that the real point decided in the case of Chancy v. State was that when a purchaser settles upon a section of school land as appears by the official survey, the settlement will be good, although a corrected survey may show that his settlement was not within the true boundaries of the section, and that the announcement, "that if the settlement was made in good faith at a point near the line but on another survey, under the belief, well founded, that it was on the land purchased, then this ought not to defeat the right of the purchaser or one holding under him," was not called for in the disposition of that case. We now think we were in error in that conclusion. We infer from the statement as made in the opinion in that case that while the testimony was conflicting, there was evidence tending to show that the settlement was not upon the land either as originally surveyed or as shown by the corrected survey, and that also there was evidence from which the jury could find that in either event the settlement was made in good faith. The judgment was reversed and the cause remanded for a new trial, and for the guidance of the trial court, it was appropriate to announce in the opinion the law as applicable to any state of facts which might be found by the jury under the testimony. The decision of the point is therefore authoritative and announces a rule of property which ought not to be set aside unless clearly wrong. Besides, since the decision holding that a settlement in good faith near the land sought to be purchased may be an actual settlement within the meaning of the law was announced, the provisions of the statutes with reference to the sale of school lands to actual settlers have been repeatedly amended and re-enacted and the words "actually settle" have been retained without other words to modify their meaning. In such case the rule is that it should be presumed that the Legislature, in the new law, intended to adopt the language of the old, with the construction placed upon it by the court.

We conclude that the judgment of the Court of Civil Appeals is correct, and it is therefore affirmed.

*Affirmed.*