SUTHERLAND v. FRIEDENBLOOM.
(No. 788.)

(Court of Civil Appeals of Texas. El Paso. Jan. 31, 1918. On Rehearing, Feb. 22, 1918.)

1. APPEAL AND ERROR ⚖⇒1194(2)—REMAND— EFFECT OF DECISION—DICTUM.

When an appellate court reverses the judgment of the court below and remands the cause for further proceedings, stating in its opinion the rules and principles of law which are to be applied to the questions likely to arise upon new trial, those statements are not to be regarded as dictum, although additional to the determination; hence in a suit to compel an accounting of partnership affairs and a partition of assets, a determination by the Court of Civil Appeals, on appeal from a judgment sustaining defendant's plea of res judicata, that the fact plaintiff was insolvent when he entered the firm and contributed to its assets, and intended, by having the business conducted in the name of his copartner, to hinder, delay, and defraud his creditors, would not prevent an accounting, cannot be treated as dictum; for a determination of that question, which was raised by the parties, was an essential to any recovery by plaintiff.

2. APPEAL AND ERROR ⚖⇒1097(1) — SUBSEQUENT APPEAL—EFFECT OF DECISION.

Defendant, on a later appeal, cannot urge that a question which he presented for determination on the first appeal was not before the court.

3. APPEAL AND ERROR ⚖⇒1097(1) — SUBSEQUENT APPEAL—LAW OF CASE.

A former decision of the Court of Civil Appeals in the same case constitutes no bar to a further consideration of the same question upon a subsequent appeal.

4. APPEAL AND ERROR ⚖⇒1097(5) — PRECEDENCE—MATTERS DECIDED.

In a suit for an accounting and partition of partnership assets, defendant's plea of res judicata was sustained. On appeal the judgment was reversed, and the Court of Civil Appeals, the matter having been raised as a ground for affirmance, determined that the fact that plaintiff, when he entered the partnership and contributed to its assets, was insolvent, and had the business conducted under the name of his copartner for the purpose of hindering, delaying, and defrauding his creditors, was no bar to an accounting. The Supreme Court denied an application for writ of error, although that determination was pointed out as error. *Held*, that the denial of the writ of error must be treated as an affirmance by the Supreme Court of the judgment of the Court of Civil Appeals, and hence that matter is not open to review on appeal from a subsequent judgment.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by J. A. Friedenbloom against J. L. McAfee, in which S. H. Sutherland, executor, was substituted as defendant, the original defendant having died. From a judgment for plaintiff, defendant appeals. Affirmed.

S. P. Weisiger, T. A. Falvey, and Bates McFarland, all of El Paso, for appellant. F. G. Morris and Geo. E. Wallace, both of El Paso, for appellee.

HIGGINS, J. Appellee, Friedenbloom, and J. L. McAfee entered into an oral agreement of partnership for the purpose of buying and selling real estate, building houses, and renting same. The partnership was formed about June, 1899, and, unless sooner dissolved by mutual consent, was to continue for a period of not exceeding 10 to 12 years. Each of the partners contributed originally $1,500 in cash to the enterprise. Subsequently Friedenbloom contributed to the partnership funds the additional sum of $15,000 out of his individual funds and estate. The business was conducted in the name of McAfee, and the title to all property acquired was taken and held in his name. The contributed capital and profits from time to time were reinvested, and in course of time a large amount of real and personal property was acquired belonging to the partnership. At the time the partnership was formed Friedenbloom was insolvent, and there is evidence to show that his interest in placing the $1,500 cash originally contributed in the name of

McAfee, and in having the partnership conducted in McAfee's name, and the title to the partnership property taken in his name, was to delay, hinder, and defraud his creditors. Subsequent to the expiration of the partnership agreement McAfee repudiated the partnership, and Friedenbloom sued to compel an accounting of the partnership affairs and partition of its assets. The original suit was dismissed upon a plea in abatement. The present suit was then filed, and in bar thereof defendant pleaded the judgment rendered upon the plea in abatement as res judicata; a general denial; a special plea denying under oath that he had ever entered into a partnership with plaintiff or that plaintiff had ever contributed any sum to any such enterprise; a further plea that if such partnership was entered into, and any sum contributed thereto by plaintiff, which was denied, that at the time plaintiff was insolvent, and the same was done by plaintiff with the intent and for the purpose of placing his property beyond the reach of his creditors, and to hinder, delay, and defraud them. Upon trial the plea of res judicata was sustained, and upon appeal the judgment rendered was reversed and the cause remanded, this court holding that such plea was not well taken. Friedenbloom v. McAfee, 167 S. W. 28. Prior to retrial McAfee died, and appellant Sutherland was appointed executor of his estate and guardian of the estate of Lucretia McAfee, the heir at law and sole devisee under the will of McAfee. Sutherland, in his representative capacity, became party to the suit. The case was then tried and submitted to a jury upon special issues. All issues submitted were answered in Friedenbloom's favor. The court thereupon rendered judgment in his favor, and Sutherland prosecutes this appeal therefrom.

[1] Error is assigned to the refusal of a peremptory instruction in defendant's favor, requested upon the theory that if a partnership was entered into by the parties, and money contributed thereto as claimed by Friedenbloom, that Friedenbloom was then insolvent, and the same was done for the purpose and with the intention of hindering, delaying, and defrauding his creditors, and the contributing of said money and formation of the partnership did in fact hinder, delay, and defraud his creditors, for which reason the contract of partnership was contrary to public policy, illegal, and unenforceable.

This assignment presents the question underlying all of the assignments, and the one upon which the rights of the parties depend. The question may be succinctly stated as follows: Conceding that Friedenbloom was insolvent at the date the partnership was formed, and that his purpose and intent in forming the same, contributing $1,500 in cash to its assets, and having the partnership conducted in the name of McAfee, was to hinder, delay, and defraud his creditors, and that it had that effect, do such facts preclude him from demanding an accounting of the partnership affairs and recovery of his share of its assets? Upon the former appeal this question was answered in Friedenbloom's favor, in an opinion rendered by Justice McKenzie. But appellant insists that the only question then before this court was the correctness of the trial court's action in sustaining the plea of res judicata, and therefore the expression of its opinion upon a question not presented was dictum. It is true that the question of res judicata was the only one upon the former appeal this court must necessarily have passed upon, but, when this was answered in Friedenbloom's favor, it became apparent upon the face of the record that the rights of the parties depended upon the question which is now presented. And McAfee upon that appeal, in support of an affirmance, was urging the illegality of the transaction upon the same grounds here presented, and contending that by reason of such illegality Friedenbloom could not recover. In this state of the record it was deemed proper to consider the question, and indicate to the trial court the view of this court, so that the former could be governed thereby upon retrial, and prevent the possibility of the case being tried upon a theory which this court could not approve. It has been a constant custom of our courts to pursue this practice. The Reports are full of instances where cases have been reversed upon issues collateral to the controlling one, and, for the guidance of the lower court upon retrial, the opinion of the appellate court has been expressed upon such controlling question, though such holding was not necessary to the disposition of the appeal. If, in such cases, such holdings are to be regarded as mere dictum, then our courts from their very inception have been pursuing a very improper practice. We cannot give our assent to the proposition that such holdings are mere dictum. They serve a most useful purpose by preventing unnecessary appeals to invoke a ruling upon a controlling question, and, when made in a proper case, they should be regarded as authoritative. In Black's Law of Judicial Precedents, p. 180, § 58, it is said:

"When an appellate court reverses the judgment of the court below and remands the case for further proceedings, and in its opinion states the rules and principles of law which are to be applied to the questions likely to arise upon the new trial, these statements are not to be regarded as dicta, although they are additional to the determination of the judgment."

See, also, Adams v. Fisher, 75 Tex. 657, 6 S. W. 772; also Hall v. White, 94 Tex. 452, 61 S. W. 385; Chancey v. State, 84 Tex. 529, 19 S. W. 706.

[2] Upon the former appeal McAfee urged the alleged illegality of the transaction in

support of the affirmance of the judgment, and, the question having been by him presented for consideration, he cannot now be permitted to say that this court had no right to consider it. His action presented the question in such manner as to authorize this court to authoritatively pass upon it.

[3, 4] But appellant insists, further, that if the former holding was not dictum, it was nevertheless wrong and should be now corrected. It is true that a former decision of this court in the same case constitutes no bar to a further consideration of the same question upon a subsequent appeal, but this court has no such discretion with respect to rulings of the Supreme Court. Upon the former appeal McAfee applied for a writ of error to the Supreme Court to reverse the judgment of this court. An inspection of this application discloses that the first two assignments therein attacked the holding of this court upon the question now presented. The application was refused. Appellant insists that such action does not foreclose the question, because it was only necessary for the Supreme Court to sustain the holding of this court upon the plea of res judicata in order to warrant the refusal of the writ. The Supreme Court had this court's opinion before it in passing upon the application. It was fully advised of the ruling of this court upon the question now presented, and that such ruling, if erroneous, would necessarily inject an error into the retrial. McAfee, in his application, vigorously attacked the ruling, and made it the main basis of his application for the writ. With this state of facts before it, it cannot be assumed that the Supreme Court failed to approve the ruling. It would hardly have permitted such ruling to pass unnoticed; for, if erroneous, it must necessarily produce error which eventually that court would be called upon to correct. The former ruling is therefore regarded as having received the approval of the Supreme Court.

However, in view of the earnest insistence that the former ruling was wrong, the question has been again examined and the conclusion reached that it was correct. It is deemed unnecessary to further discuss the same and present additional reasons which occur to us in support thereof. But these additional authorities are cited: Harcrow v. Gardiner, 69 Ark. 6, 58 S. W. 553, 64 S. W. 881; The Laws of England, by Earl of Halsbury, vol. 22, p. 18, § 25; Sharp v. Taylor, 22 Eng. Ch. 801.

All of the cases cited by appellant are upon a different state of facts and are not regarded as in point. In so far as they are partnership cases they treat only of contracts forming partnerships to do something in violation of law or public policy, and in no one of them was there a partnership contract to carry on a lawful business in a lawful manner wherein one of the partners had the motive incidentally of concealing his property from his creditors. Others are cases holding the well-established doctrine that one who transfers property for the purpose of defrauding his creditors, but to be reconveyed to him, cannot recover the property; others that he cannot recover on a note executed to him for property transferred in fraud of creditors. The remaining cases dealt with sundry unlawful contracts, other than partnership contracts or contracts made to defraud creditors, and have no bearing on the question of partnership law involved in this case. No case is cited wherein the right of a silent partner to an accounting and recovery of his share of the partnership assets in a partnership formed to conduct a lawful business in a lawful way is denied, merely because such partners' motive in becoming a silent rather than an open partner was to protect his property from his creditors. Such motive was an incident merely to the partnership contract, and does not affect his status and rights as against his copartner. All of the authorities called to our attention upon such a state of facts support the ruling of this court.

The second and third assignments are without merit. These complain of the failure to submit certain issues. From what has been said it follows that, if such issues had been submitted and answered as contended by appellant, it would not have affected Friedenbloom's right to the relief which he sought and was granted by the judgment rendered.

Affirmed.

WALTHALL, J., did not sit, being absent on committee of Judges assisting the Supreme Court.

### On Rehearing.

HIGGINS, J. In the opinion it was stated: "Subsequently Friedenbloom contributed to the partnership funds the additional sum of $15,000 out of his individual funds and estate."

This statement is incorrect. It was McAfee instead of Friedenbloom who made the subsequent contribution of $15,000. With this correction, the motion for rehearing is overruled.

WALTHALL, J., did not sit, being absent on committee of Judges assisting the Supreme Court.