### TEXAS INTERURBAN RY. CO. et al. v. COUCHMAN et al. (No. 9189.)

(Court of Civil Appeals of Texas. Dallas. Nov. 24, 1923.)

**Appeal and error ⬤⟹1201(1)—After dissolution on appeal, second injunction on same grounds improper.**

Where a temporary injunction has been dissolved on appeal, it is improper for the lower court to grant a second injunction on an amended petition, where substantially the same allegations are made and the same relief is sought.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Suit by B. C. Couchman and others against the Texas Interurban Railway Company and others. Judgment for plaintiffs granting an injunction, and defendants appeal. Injunction dissolved.

Templeton, Beall, Williams & Worsham, J. J. Collins, Allen Charlton, and Hugh Grady, all of Dallas, for appellants.

Clark & Clark, of Dallas, for appellees.

JONES, C. J. This suit for an injunction was originally instituted by appellee Couchman and other named citizens of the city of Dallas residing upon and owning real property abutting upon Fairmount street, a residential street in the city of Dallas. Westminster Presbyterian Church is a place of religious worship upon Fairmount street, and, through its trustees, intervened and joined the original plaintiffs in this suit. The parties defendant to the original suit were the city of Dallas and its board of commissioners, who constitute the governing body of said city. The following facts formed the basis of the suit:

The Texas Interurban Railway Company, a corporation organized and chartered for that purpose, desired to contruct an interurban electric railway extending from the city of Dallas to the city of Denton. In order to carry out this desire, it is necessary for said interurban company to secure from the city of Dallas a franchise grant which would au-

thorize it to construct, maintain, and operate its interurban railway in certain streets of said city. In its application to the city of Dallas for a franchise to grant it authority to 'so use said streets, it named the various streets it desired its line to pass over, including therein Fairmount street. At the time of the filing of the original suit an ordinance granting said franchise on the named streets, including Fairmount street, had been drawn and was in process of enactment by the board of commissioners of the city of Dallas. Such ordinance had passed its first and second reading but required passage at a third reading before its final enactment, when said city and its said governing body were enjoined in this suit from any further proceedings in reference to its passage.

The purpose of the suit was to secure an immediate temporary writ of injunction enjoining the city of Dallas and its board of commissioners from taking any action whatever or doing anything to put into effect such ordinance thus in process of enactment, and, upon final trial, to declare such ordinance void and to secure a decree declaring the city of Dallas and its board of commissioners without power to grant to the Texas Interurban Railway Company any franchise for the operation of its said line on Fairmount street. In other words, the original petition filed in this cause fully and clearly challenged the right and the power of the city to include Fairmount street in any franchise that might ultimately be granted to the Texas Interurban Railway Company.

The petition was duly verified, and, upon its presentation to the judge of the trial court, the prayer for a temporary injunction was granted, and said injunction issued with notice to the defendants, then named in said suit, to appear and show cause why such injunction should be dissolved. The city of Dallas and the board of commissioners, in response to said notice, made their appearance and filed an elaborate answer to the suit and included therein a motion to dissolve. Upon hearing the trial court refused to dissolve the injunction theretofore issued, and an appeal was perfected to this court. This appeal resulted in a reversal of the action of the trial court and in a dissolution of the injunction. An application to the Supreme Court for writ of error was duly perfected by appellees, which application was by the Supreme Court refused, and the said disposition of the appeal by this court thereby became final.

After the judgment of this court dissolving the writ of injunction had thus become final, the said board of commissioners finally passed the ordinance in its original form, granting to the Texas Interurban Railway Company the franchise authorizing and empowering it to construct its said interurban

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

railway on Fairmount street and the other streets named in the ordinance granting the franchise. Thereupon appellees, with the same purpose in view as manifested in their original petition, filed in the trial court an amended petition seeking the same ultimate relief upon substantially the same allegations, and with a prayer for a temporary writ of injunction upon substantially the same grounds upon which the first temporary writ of injunction was granted. The only material difference in the amended petition filed and the original petition is that the amended petition made the Texas Interurban Railway Company a party defendant and disclosed by allegations that the ordinance granting the said franchise had been fully passed by said board of commissioners. This was in response to the direct holding of this court on the former appeal that the Texas Interurban Railway Company was a necessary party, and that a court of equity would not interfere with the legislative function of a municipality, even though the exercise of this function would culminate in the enactment of a void ordinance. The allegations of the amended petition in all other respects are substantially the same as those in the original petition. For a complete statement of these allegations and the ground on which appellees based their prayer for the relief sought, both on the former appeal and on this appeal, we refer to the statement made in the case on the former appeal. On that appeal this case was styled, "City of Dallas et al. v. Couchman et al.," and is reported in 249 S. W. 234.

Upon the presentation of the verified amended petition to the judge of the trial court, another and similar temporary writ of injunction was granted. In response to the action of the trial court in granting its second temporary writ of injunction, appellants filed very full answers, defending substantially on the same grounds as were contained in the answer in response to the original injunction, but, in addition thereto, urging that the decision of this court on the former appeal had disposed of all the matters upon which this writ of injunction was granted and pleading the judgment of this court on that appeal as res adjudicata of appellees' right to a second injunction. A hearing was had before the trial court with the result that all defensive pleas of appellants were overruled and the motion to dissolve denied, and appellants have duly perfected their appeal to this court.

The case, therefore, is again before this court upon substantially the same pleadings, raising the same issues which were passed upon by this court on the former appeal, with the exception as to the additional party and the final passage of the ordinance granting the franchise as noted above. All of the issues now before the court were well pleaded and fully and ably briefed on the former hearing. The court fully considered all the matters urged then and now by appellees, and, in an opinion rendered by Mr. Justice Hamilton, fully passed upon them, and the Supreme Court, on appellees' application, denied a writ of error. This opinion must be considered as expressive of the law governing this case, and, for a discussion of all matters raised on this appeal, we again refer to the case of City of Dallas et al. v. Couchman et al. (Tex. Civ. App.) 249 S. W. 234.

Where a temporary writ of injunction granted by a lower court has been dissolved on an appeal to a higher court, it is improper for the lower court to grant a second injunction on an amended petition, where substantially the same allegations are made and the same relief is sought. Birchfield v. Bourland (Tex. Civ. App.) 187 S. W. 424; Sutherland v. Friedenbloom (Tex. Civ. App.) 200 S. W. 1099.

The temporary writ of injunction granted on the amended petition is dissolved, and the trial court is instructed to observe the decision of this court in subsequent proceedings in this case.