Gustave Frederick KUEHN et al.,
Appellants,

v.

Viola Augusta Kuehn WISHARD et al.,
Appellees.

No. 324.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 4, 1970.

Rehearing Denied March 11, 1970.

Joe E. Turner, Johnson & Turner, Houston, for appellants.

Michael T. Brimble, Davidson, Gray & Brimble, Houston, Charles D. Marshall, Marshall & Schaffer, Seabrook, for appellees.

SAM D. JOHNSON, Justice.

This suit involves the construction of a deed from two parents to their children.

Gustave G. Kuehn and his wife, Mary Jane Kuehn, had ten children. On August 20, 1936, they executed a deed, which will sometimes hereafter be referred to as the "source deed." Such deed reserved a life estate in themselves and conveyed property to their children. The property consisted of approximately 250 acres, the surface of which was divided by metes and bounds into nine parts or parcels, each of which was given a number, one through nine. The deed conveyed one parcel of the *surface* to each of the children, except a daughter, Mary Emily Hanson. The deed recited that the "Grantors, have bargained, sold, assigned and conveyed, and do by these presents bargain, sell, assign and convey, in the proportions hereinafter stated * * *" to each of the nine children except Mary Emily Hanson "each a life estate" into the particular numbered parcel or share that such child was to receive.

The same deed, again subject to the life estate reserved in the grantors, also conveyed the *mineral* estate. Each of the grantors' ten children was conveyed "a life estate in and to all of the oil, gas and other minerals * * * in equal and undivided portions."

The source deed, at least up to this point, appears to be a conveyance of a *life estate* to each of the nine grantees of the surface tracts, and a conveyance of a *life estate* to each of the ten grantees of the undivided mineral estate.

The deed then continued:

"Should any or either of grantees die before the expiration of twenty five (25) years from the date hereof, then the estate and property to him herein conveyed shall immediately terminate, and forthwith vest in his (or her) natural children, if any he (or she) leave surviving; but if he (or she) should leave no surviving natural children, then such estate, on such contingency shall immediately vest in equal portions in such deceased grantee's surviving brothers and sisters, or their children, if any be deceased. Upon the expiration of twenty five years from the date hereof a full fee simple title in and to the property herein conveyed shall vest in grantees, or their successors in title as above indicated, if any or either be deceased * * * During such term of 25 years neither of grantees shall have any power to assign, alien, convey mortgage or encumber the estate to him (or her) herein conveyed, or the income therefrom, or any of such

property acquired by him (or her) from another of grantees, and any such attempted assignment, conveyance, pledge or mortgage shall be wholly void, with the following exceptions, however; (a) Either of grantees may sell, convey, mortgage or encumber the estate to him herein conveyed, or the income therefrom, or any part thereof, or any of such property acquired from one of his brothers or sisters, to any or either of his surviving brothers or sisters, or their children if either be deceased."

Thereafter, the grantors in the source deed, Gustave G. Kuehn and his wife, Mary Jane Kuehn, died. Gustave died testate on October. 4, 1938 and Mary Jane died testate on December 27, 1945. Their joint and mutual will left their residual estate in equal shares to their ten children.

Subsequently, one of the children, Anna Zeolide Kuehn Camp died intestate and without issue on April 8, 1953. By the terms of the source deed this child was the grantee of an undivided one-tenth of the mineral estate and of tract number 4 of the surface.

Later, on February 11, 1954, a second child, Frances Kallina Kuehn, executed a deed by the terms of which she purported to convey all her right, title and interest in and to tracts number 4 and 9 and whatever mineral interest she might own in the entire 250 acres to her sister, Viola Augusta Kuehn Wishard. No contention is here made relative to the interest in tract No. 4 or the mineral interest received by Frances Kallina Kuehn from her sister, Anna Zeolide Kuehn, it being conceded that such interest was conveyed to Viola Augusta Kuehn Wishard by her sister's deed dated February 11, 1954.

The question in the instant case arises by virtue of the conveyance by Frances Kallina Kuehn to Viola Augusta Kuehn Wishard of her right, title and interest in and to tract No. 9 and whatever mineral estate she might own in the entire 250 acres. It was this tract No. 9, and the undivided one-tenth of the mineral interest, which Frances Kallina Kuehn had previously received by the terms of her parents' source deed. The problem arose because, subsequent to her conveyance, Frances Kallina Kuehn died without issue. The date of Frances Kallina Kuehn's death, July 27, 1958, was prior to the expiration of the 25-year period specified in her parents' source deed.

Four of the children, Gustave Frederick Kuehn, Erna Edna Kuehn Tanner, Lilly Mabel Kuehn Pipkin and Peter Julius Kuehn filed the instant suit to enforce the deed of their parents and for a partition of the property. These parties, who are the appellants, will sometimes hereafter be referred to as plaintiffs. It is the plaintiffs' position that the source deed conveyed to each of the children a life estate in their particular share and tract which was subject to being enlarged into a fee simple estate "upon the expiration of 25 years." Plaintiffs concede that the deed from Frances Kallina Kuehn to Viola Augusta Kuehn Wishard conveyed whatever interest she had. Plaintiffs assert that what she had, however, was a life estate which was subject to being enlarged into a fee simple estate upon the expiration of 25 years. As Frances Kallina Kuehn died without issue prior to the expiration of 25 years, however, by. the terms of the source deed her interest passed in equal shares to her surviving eight brothers and sisters.

Defendants in the instant action were a sister, Viola Augusta Kuehn Wishard and husband, C. E. Wishard, and a brother, Frank Louis Kuehn and his son, Cyril Maurice Kuehn. The last sister, Mary Emily Kuehn Hanson, intervened. The defendants and intervenor, who are the appellees, will be hereafter referred to as defendants.

It has been plaintiffs' consistent position that the source deed of the parents, dated August 20, 1936, was not ambiguous and that the instrument clearly speaks for it-

self. The trial court, in a trial to a jury, nevertheless permitted the introduction of evidence relative to the intent of the parents, Gustave G. and Mary Jane Kuehn, at the time their source deed was executed in 1936. At the conclusion of the introduction of evidence, plaintiffs filed a motion for an instructed verdict asserting that the only questions before the court were questions of law, and that there were no questions of fact for submission to the jury. This motion was overruled.

The trial court thereafter submitted the three following special issues to the jury:

Special Issue No. 1: "Do you find from a preponderance of the evidence that it was the intentions of the Grantors in the Partition Deed, in conveying the surface, that upon the death of either of the nine Grantees as to the surface his or her interest should vest in his or her surviving brothers or sisters which were named as Grantees to the surface in said deed?"

To which the jury answered: "We do not."

Special Issue No. 2: "Do you find from a preponderance of the evidence that it was the intention of the Grantors in executing the Partition Deed that the Grantees of the surface could not transfer, assign and convey any more than their Life Estates during the twenty-five year term to either of their brothers or sisters?"

To which the jury answered: "We do not."

Special Issue No. 3: "Do you find from a preponderance of the evidence that it was the intention of the Grantors in executing the Partition Deed that the Grantees of the mineral rights could not transfer, assign and convey any more than their Life Estates during the twenty-five year term to either of their brothers or sisters?"

To which the jury answered: "We do not."

After the jury's verdict was received the plaintiffs moved for judgment non obstante veredicto. This motion was denied. Based on the jury verdict the trial court then proceeded to render judgment for the defendants. It is from such judgment that appeal is perfected to this Court.

We are of the opinion that the judgment may be in part affirmed, but must be in part reversed and the cause remanded for the reasons hereinafter set forth.

It is not to be contended, as in appellees' (defendants') argument before this Court, that the source deed was ambiguous, and that such ambiguity might be resolved by ascertaining the grantor's intent at the date of the deed in 1936. Ambiguity was not pled by the defendants (appellees). In no instance do their pleadings make any such contention or assertion. Indeed, it appears that throughout most of the trial the court excluded testimony relative to the grantor's intent. It was approximately mid-way through the defendants' case that such evidence began, over objection, to be admitted.

Next, the instant case is one in the nature of an undertaking to enforce a deed, as distinguished from an action to cancel or reform a deed. In such instance the intention of the parties is not to be submitted to the jury. "In a suit which in its nature is an undertaking to enforce the deed, as distinguished from a suit to cancel or reform it, the question of the intention of the parties to the deed will not be submitted to the jury. If the case requires an examination of surrounding facts and circumstances, as where there is an ambiguity in the deed or where one develops when the description is applied to the ground, the jury may find what the surrounding facts and circumstances were, if there is a conflict in the testimony regarding them, but, when such facts are found, the court will determine the intention of the parties

and will construe the deed." Pritchard v. Burnsides, Tex.Civ.App., 158 S.W.2d 586, 591; affirmed, 140 Tex. 212, 167 S.W.2d 159 (Comm.App.). We are therefore of the opinion that the construction of the deed was a matter for the court alone.

The cardinal rule in construing written instruments is to give effect to the intention of the parties as expressed in the language used by them. In construing a deed the question is not what the parties meant to say but what they did say. If the grantors had one intention but the deed expressed another or different intention, the only remedy, if any, would be the voidance or reformation of the deed. We are of the opinion that the intention of the grantors in the source deed is expressed in, and may be obtained from, that instrument. " * * * (W)hen the instrument by its terms plainly and clearly discloses the intention of the parties, or is phrased in language not fairly susceptible of more than one interpretation, the intention of the parties is to be ascertained by the court as a matter of law from the language used in the writing and without aid from evidence as to the attending circumstances." Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 805 (Sup. Ct.1940).

Applying these rules we turn first to surface tract No. 4 and the undivided mineral estate granted by the source deed to Anna Zeolide Kuehn Camp. She, like all the grantees, had been granted a life estate by the source deed. Her death extinguished such life estate. At her demise she left no surviving children so that, by the terms of the source deed, such estate as was left to her immediately vested in her nine surviving brothers and sisters. We note again that no contention is here made relative to the interest received by Anna Zeolide Kuehn Camp. This being true the trial court's judgment, insofar as it pertains to the interest conveyed to Anna Zeolide Kuehn Camp, will be affirmed.

We next turn to surface tract No. 9 and the undivided mineral estate granted by the source deed to Frances Kallina Kuehn. She, also, had been granted a life estate. Such life estate was subject to being enlarged into a fee simple estate in the particular grantee (or her assigns) upon the expiration of twenty-five years. The very nature of the estate conveyed—a life estate—made such interest during the twenty-five year period subject to the life of the grantee. The source deed sanctioned conveyances "of the estate to him (or her) conveyed" to a brother, sister or child of either during the twenty-five year period. We believe it apparent from the instrument itself that "the estate to him (or her) conveyed" by the source deed to each grantee was no more than a life estate. The subsequent conveyance by Frances Kallina Kuehn could not enlarge the estate which she had received. One cannot convey a greater estate than he possesses. Her conveyance transferred ownership of "the estate to him (or her) conveyed" which was her life estate. Her life estate was subject to her life only.

The judgment of the trial court, insofar as it divests any of the eight surviving brothers or sisters of Anna Kallina Kuehn of an undivided one-eighth fee interest in surface tract No. 9 and an undivided one-eighth fee interest in that mineral estate previously conveyed to Frances Kallina Kuehn by the source deed, must be reversed.

Rule 434, Texas Rules of Civil Procedure, requires rendition of such judgment as the trial court should have rendered upon reversal except when it is necessary that some matter of fact be ascertained. In the instant case partition of surface tract No. 9 was prayed for and it cannot be determined by this Court whether or not such tract is susceptible of partition in kind or whether it is incapable of partition in kind and must be sold. Generally, where the evidence is conflicting or admits of more than one inference it is a

question of fact for the jury or the trier of facts whether or not a partition in kind is feasible or a sale for division necessary. Adams v. Adams, Tex.Civ.App., 205 S.W. 2d 801, no writ hist.; Burton v. Williams, Tex.Civ.App., 195 S.W.2d 245, writ ref., n. r. e.; Robertson v. Robertson, Tex.Civ. App., 425 S.W.2d 707, no writ hist. It is for this reason that a portion of the judgment of the trial court must be reversed and remanded.

The interests in tract No. 9 and the accompanying undivided mineral interests arise from separate and distinct transactions, however. It is an interest which is severable from the other. Rule 434, T.R. C.P. Therefore, insofar as the trial court's judgment affects this tract and interest it, and it alone, will be reversed and remanded. Schuster v. Bauman Jewelry Co., 79 Tex. 179, 15 S.W. 259 (Sup.Ct. 1890); Cooper v. Lee, 75 Tex. 114, 12 S. W. 483 (Sup.Ct.1889); Skelly Oil Co. v. Archer, 163 Tex. 336, 356 S.W.2d 774 (Sup.Ct.1962).

■ Cross points of error of the defendants (and intervenors) are overruled. We note in this connection only that there is no violation of the rule against perpetuities in the source deed. "A perpetuity has been defined as a limitation which takes the subject-matter of the perpetuity out of commerce for a period of time greater than a life or lives in being, and 21 years thereafter, plus the ordinary period of gestation." Neely v. Brogden, 239 S.W. 192, 193 (Comm.App.1922). Each of the named grantees in the source deed represented "lives in being."

Judgment of the trial court is affirmed in part, and reversed and remanded in part.

### On Motion for Rehearing

In our original opinion we stated that four of the children, Gustave Frederick Kuehn, Erna Edna Kuehn Tanner, Lilly Mabel Kuehn Pipkin, and Peter Julius Kuehn filed the instant suit to enforce the deed of their parents and for a partition of the property. We correct our statement. There were in fact five children and we, in the hereinabove designation, inadvertently left out the name of one of the said children, to-wit: SAMUEL CLAUDE KUEHN.

We further stated that "The judgment of the trial court, insofar as it divests any of the eight surviving brothers or sisters of *Anna Kallina Kuchn* of an undivided one-eighth fee interest in surface tract No. 9 and an undivided one-eighth fee interest in that mineral estate previously conveyed to Frances Kallina Kuehn by the source deed, must be reversed." We also correct this statement in that the individual designated in such sentence is correctly named Frances Kallina Kuehn. The sentence will now read " * * * eight surviving brothers or sisters of *Frances Kallina Kuehn* of an undivided one-eighth * * *."

Appellees' motion for rehearing is overruled.