Clarete CHANDLER et al., Appellants,

v.

Jack HARTT et al., Appellees.

No. 544.

Court of Civil Appeals of Texas, Tyler.

May 13, 1971.

Rehearing Denied June 10, 1971.

Sallas, Griffith & Meriwether, Gus E. Meriwether, Crockett, for appellants.

Law Offices of James R. Paxton, Melvin D. Whitaker, Palestine, Granberry, Hines & Gordon, Frank P. Granberry, Crockett, for appellees.

DUNAGAN, Chief Justice.

This is a partition suit. Appellants were plaintiffs and appellees were defendants in the trial court. (The parties will be referred to as they were designated in the trial court.) Plaintiffs' petition asked the court to partition 210.4 acres of land, more or less, in Houston County, Texas, consisting of 4 adjacent tracts. The lands described in the petition were acquired by W. W. Wills, Sr., the common source for the title, in 1888, during his marriage to appellees' grandmother, Maude Wills. W. W. Wills died on October 5, 1906, intestate, after having been married three times.

Plaintiffs fall within three categories: (1) all the children of the first marriage of W. W. Wills, Sr., (2) all the children or their survivors of the third marriage of W. W. Wills, Sr., and (3) all of the living children of the marriage of Etta Wills, third wife and widow of W. W. Wills, Sr., from her subsequent marriage to J. E. LaRue.

Defendants are all the grandchildren of the second marriage of W. W. Wills, Sr. It was during this marriage that the 210.4 acres involved in this suit were acquired as community property of W. W. Wills, Sr. and Maude Huntsman Wills.

The only party not represented on appeal is Naruda Rashco, the sole surviving widow and heir of Latham LaRue, the son of Etta Wills LaRue by her marriage to J. E. LaRue. She filed no answer in the trial court as one of the named defendants, but was awarded a small interest in the partition decree.

Plaintiffs contend that by virtue of a deed dated January 11, 1929, to Blanche Hartt, the mother of defendants herein, defendants were foreclosed from claiming any interest by and through their grandmother, Maude Huntsman Wills, but were only entitled to inherit through their grandfather, W. W. Wills, Sr.

Defendants, on the other hand, contend that the deed constituted a conveyance of only *a part* of the undivided one-half interest in the 210.4 acre tract of land inherited by Blanche Hartt through her mother, Maude Huntsman Wills, because Blanche Hartt never accepted this deed as her *full* interest in and to the estate of the said Maude Huntsman Wills.

Defendants answered only by a general denial. They sought no affirmative relief. The trial was before a jury to which was submitted only one special issue inquiring as to whether Blanche Wills Hartt accepted the deed to twenty-four (24) acres as her "full share of the estate of her mother, Maude Huntsman Wills." The jury found that "she did not accept."

There is no dispute as to the heirship in this case. Neither is there any dispute as to the fact that all parties are entitled to inherit a child's part from their grandfather, W. W. Wills, Sr. The only question is whether the appellees, the grandchildren of the second marriage, are entitled to receive an undivided one-half interest in the 210.4 acres. Judgment was entered, the effect of which is to recognize that each of the children of Blanche Hartt, who died intestate in 1958, was entitled to a child's part through their grandfather, W. W. Wills, Sr., and also said children were entitled to receive an undivided one-half interest in and to the 210.4 acres as their inheritance through Maude Hunts-

man Wills. The 24 acres constitute no part of the 210.4 acres. Hence this appeal.

Plaintiffs have brought forward numerous points of error attacking the judgment insofar as it decreed to the defendants an undivided one-half interest through their grandmother, Maude Huntsman Wills, on various grounds.

The pertinent portions of the deed in controversy read as follows:

"THE STATE OF TEXAS
"COUNTY OF HOUSTON.

KNOW ALL MEN BY THESE PRESENTS,

THAT we, Mrs Etta Larue and husband Ed LaRue and the following named heirs of W W Willis Sr deceased, to-wit; Willard Wills, O W Wills and wife Laudie Wills, B W Wills and wife Edna Wills, Modie Goodwin and husband Jim Goodwin, Zuma Bitner and husband Bryant Bitner, Clarette Thomas and husband Henry Thomas all of said aforementioned persons being of Houston County, State of Texas, for and in consideration of the sum of One Dollar cash in hand paid by Mrs Blanch Hartt, the receipt of which is hereby acknowledged, and the further consideration of the conveyance of her the said Mrs Blanch Hartt of her interest and part which she ow*nes* in the Estate of Maude Wills deceased, wife of W W Wills deceased, the purpose of this conveyance being to set apart to the said Blanch Hartt the aforesaid interest and part which she ow*nes* in the Estate of W W Wills Sr deceased which the said Blanch Hartt owns by and through the said Ma*due* Wills deceased, her mother. Have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Mrs Blanch Hartt of the County of Houston State of Texas, all that certain tract, or parcel of land, lying and being situated in Houston County, T*exs* about 10 miles South from the town of Crockett, Texas and more particula*rily* described by metes and bounds as follows, to-wit:"

Then follows a description by metes and bounds of the 24 acre tract of land located in Houston County, Texas.

As we understand appellees' position, they admit a delivery of the 1929 deed and the physical acceptance thereof by Mrs. Hartt but contend that she did not accept it as her *full share* of her mother's estate as recited in the deed. To put it another way, the appellees are saying that Mrs. Hartt did accept the deed but with an undisclosed mental reservation that she was not accepting the terms and provisions thereof that state " * * * and the further consideration of the conveyance of her the said Mrs Blanch Hartt of her interest and part which she ow*nes* in the Estate of Maude Wills deceased, wife of W W Wills deceased * * *"

■   There cannot be a partial acceptance of a deed. There may be a conditional acceptance. In accepting a deed, the grantee accepts each and every term and provision contained therein.

■   Upon the trial of this case it was admitted by the appellees that the 1929 deed was delivered to Mrs. Hartt. It was also admitted that Mrs. Hartt or her husband, T. J. Hartt, delivered the 1929 deed to her son, D. D. Hartt, at the time she executed the deed to him dated July 15, 1935, conveying to him the 24 acres in question. In view of these admissions and the absence of any evidence to the contrary, the presumption is that Mrs. Hartt had and maintained possession of the 1929 deed from the time of its execution on January 11, 1929 until she delivered it to her son in 1935.

■   Mrs. Blanche Hartt, joined by her husband, T. J. Hartt, on July 15, 1935, con-

veyed the 24 acre tract of land in question to her son, D. D. Hartt. This deed, along with the 1929 deed, was filed for record July 23, 1935, at 4:30 p. m. by her son D. D. Hartt. Even though the 1929 deed was not filed for record by Mrs. Hartt and no direct evidence that it was filed pursuant to her request, considering all the facts and circumstances surrounding the filing thereof and the absence of evidence to the contrary, we think it a reasonable presumption that the filing was done with her consent and knowledge. Such recording of the deed thus indicates her acceptance thereof. 19 Tex.Jur.2d, p. 360, sec. 82; McAnally v. Texas Co., 124 Tex. 196, 76 S.W.2d 997, 1000 (1934). It was admitted she delivered the deed to her son and that he filed it for recording. However, the failure to place a deed on record does not necessarily imply that there was no acceptance. Hubbard v. Cox, 76 Tex. 239, 13 S.W. 170 (1890); 19 Tex.Jur.2d, p. 359, sec. 82.

■ Appellees admitted that Mrs. Hartt was in possession of the 1929 deed. The fact that Mrs. Hartt was in possession of the 1929 deed which was duly executed raises a presumption that it was delivered by the grantors and accepted by her, the grantee, in the absence of evidence to the contrary. Fox v. Lewis, 344 S.W.2d 731, 741 (Tex.Civ.App., Austin, 1961, writ ref., n. r. e.); Foster v. Cumbie, 315 S.W.2d 151, 158 (Tex.Civ.App., Dallas, 1958, writ ref., n. r. e.); Mitchell v. Mills, 264 S.W.2d 749, 752 (Tex.Civ.App., Galveston, 1954, writ ref., n. r. e.); 19 Tex.Jur.2d, p. 380, sec. 97.

■ Mrs. Hartt having conveyed to her son in 1935 the same 24 acres conveyed to her by the 1929 deed, it certainly cannot be denied that she claimed under the 1929 deed. Consequently she is bound by its contractual recital. Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 167 (1946); Orbeck v. Alfei, 276 S.W. 947 (Tex.Civ.App., Waco, 1925, n. w. h.).

It is evident that Mrs. Blanche Hartt by the terms of the 1929 deed gave up a much larger interest in order to receive a specific 24 acre tract as her part of her mother's estate. Unfortunately Mrs. Hartt died long prior to the trial of this case and was not available to give testimony as to what advantage or special benefit if any she may have received by virtue of accepting the 1929 deed. Without some supporting evidence we cannot say that there was not some advantage or benefit gained on her part. Moreover, the fairness of the transaction may be attacked only by a proceeding to have that deed set aside. 44 Tex.Jur.2d, p. 259, sec. 10; Edwards v. Edwards, 52 S.W.2d 657, 660 (Tex.Civ.App., Austin, 1932, writ ref.). Insofar as we know there is no rule of construction which would permit the unambiguous meaning of the language of the 1929 deed to be departed from simply because later developments may prove the agreement to be more advantageous to some of the parties than to others. Garza v. DeMontalvo, 147 Tex. 525, 217 S.W.2d 988 (1949); Hamilton v. Hamilton, 154 Tex. 511, 280 S.W.2d 588 (1955).

■■ Even though Mrs. Hartt did not sign the 1929 deed, nevertheless she was a party to the deed and by accepting it, she is precluded by recitals therein in favor of the grantors. Greene v. White, 137 Tex. 361, 153 S.W.2d 575, 583 (1941); National Bank of Commerce of Houston v. Dunn, 381 S.W.2d 654, 662 (Tex.Civ.App., Houston, 1964, writ ref., n. r. e.). The recital in the deed " * * * and the further consideration of the conveyance of her the said Mrs Blanch Hartt of her interest and part which she ow*nes* in the Estate of Maude Wills deceased, wife of W W Wills deceased * * *" was a contractual provision. Greene v. White, supra; Adams v. Duncan, 147 Tex. 332, 215 S.W.2d 599, 603 (1948); Martin v. Martin, 222 S.W. 291 (Tex.Civ.App., Texarkana, 1920, writ ref.). The obligations undertaken by the parties to a deed are binding contractually; and where the conveyance is by way of deed executed by the grantor alone—obligations are enforcible against the grantee by virtue

of his acceptance of the deed. Greene v. White, supra; Benge v. Scharbauer, 254 S.W.2d 236, 239 (Tex.Civ.App., El Paso, 1952, affirmed, 152 Tex. 447, 259 S.W.2d 166).

■ Defendants state in their written brief filed in this court that the effect of the deed is in dispute. With this we agree. There being no allegation of fraud, accident or mistake and no attempt to reform the deed here in dispute, the court will give effect to the intention of the parties as expressed by the terms and provisions of the instrument. Woods v. Sims, 154 Tex. 59, 273 S.W.2d 617, 620 (1954); Davis v. Bond, 138 Tex. 206, 158 S.W.2d 297 (1942); Kuehn v. Wishard, 452 S.W.2d 5, 9 (Tex. Civ.App., Houston, 14th Dist., 1970, writ ref., n. r. e.); 19 Tex.Jur.2d p. 393, sec. 107.

■ "The cardinal rule in construing written instruments is to give effect to the intention of the parties as expressed in the language used by them. * * *" Kuehn v. Wishard, supra. In ascertaining the intent of the parties of a deed the court will not attempt to ascertain what they meant to say, but only the meaning of what they did say. Holloway's Unknown Heirs v. Whatley, 104 S.W.2d 646, 650 (Tex.Civ. App., Beaumont, 1937, affirmed, 133 Tex. 608, 131 S.W.2d 89, 1939); Kuehn v. Wishard, supra.

■ When an instrument, such as a deed, by its terms plainly discloses intention of the parties or if phrased in language not fairly susceptible of more than one interpretation, the intention of the parties is to be ascertained by the court as a matter of law from language used in the writings and without aid from evidence as to attending circumstances. Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 805 (1940).

■ While the ascertainment of whether there was in fact a delivery and acceptance of the deed in question is for the jury, the sufficiency of the facts necessary to constitute acceptance of a deed is a question of law for the court. Towery v. Henderson, 60 Tex. 291; First State Bank of Wortham v. Bland, 291 S.W. 650 (Tex. Civ.App., Waco, 1927, writ dism.); Henry v. Phillips, 105 Tex. 459, 151 S.W. 533 (1912).

■ Without any doubt the 1929 deed was given to effect a partition of lands by the joint owners thereof. Houston Oil Company of Texas v. Kirkindall, 136 Tex. 103, 145 S.W.2d 1074 (1941). Defendants rely heavily upon the well established law in this state that a partition deed does not operate as a conveyance or transfer of title, the effect being to divide the property and to give to each the share which he already owns and is not subject to some of the formalities usually required of conveyances of real estate. Hamilton v. Hamilton, 154 Tex. 511, 280 S.W.2d 588, 593 (1955). Nevertheless, such deeds are binding contracts and are subject to the usual rules of construction to determine their scope and application. Garza v. DeMontalvo, supra; Hamilton v. Hamilton, supra.

■ Persons who are common owners of land may effect a division or partition thereof by written instrument or deed. Ruff v. Brown, 446 S.W.2d 103, 112 (Tex. Civ.App., Texarkana, 1969, n. w. h.).

In our opinion the acceptance by Blanche Hartt of the 1929 deed operated as a relinquishment of any claim of right, title or interest in and to the land she acquired by reason of inheritance from her mother, Maude Huntsman Wills, deceased. It follows that the effect of the unambiguous deed was not a question for the jury and the court erroneously submitted the issue.

■ After a careful study of the deed in question from its four corners and all of the facts and circumstances as revealed by the entire record, we conclude that the plaintiffs-appellants are entitled to the full interest Mrs. Hartt inherited from her mother. It is the established law in this State that the obligations and equities between the parties to an action to partition

property in which they are jointly interested may be adjusted and enforced by the court in the partition suit. Goodloe and Meredith v. Harris, 127 Tex. 583, 94 S.W.2d 1141, 1144 (1936).

The judgment is reversed and remanded for further proceedings consistent with this opinion.