Viola Augusta Kuehn WISHARD et vir,
Appellants,

v.

Gustave Frederick KUEHN et al., Appellees.

No. 15928.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

June 29, 1972.

Davidson, Gray & Brimble, Michael T. Brimble, Houston, for appellants.

Turner & White, Joe E. Turner, Houston, for appellees.

COLEMAN, Justice.

This is an appeal from a judgment entered in a partition suit. The questions to be determined are (1) the effect to be given to the judgment of the Court of Civil Appeals rendered on a prior appeal in this case, and (2) whether the trial court erred in denying appellants a jury trial.

This suit was instituted by certain children of Gustave G. Kuehn and Mary Jane Kuehn to partition a certain tract of land deeded to their children by Mr. and Mrs. Kuehn. The land was divided into nine tracts, and each child was given a life estate in one of these tracts for a period of twenty-five years, at the end of which period a full fee simple title would vest. A provision was included in the deed authorizing a conveyance from the grantees to either of the other grantees. One of the grantees died intestate and another executed a conveyance of her interest in the property to another grantee and subsequently died prior to the twenty-five year period. The ownership of these interests was the disputed issue on the first trial of the case. The judgment entered at that trial was appealed to the Court of Civil Appeals for the 14th District of Texas, and

was by that court affirmed in part and in part reversed and remanded. Kuehn v. Wishard, 452 S.W.2d 5 (Tex.Civ.App.—Houston [14th] 1970, writ ref., n. r. e.).

The mandate to the Court of Civil Appeals to the trial court provided:

" . . . that part of the judgment, and that part only, insofar as it divests any of the eight surviving brothers or sisters of Anna Kallina Kuehn of an undivided one-eighth fee interest in surface Tract No. 9 and an undivided one-eighth fee interest in that mineral estate previously conveyed to Frances Kallina Kuehn by the source deed, be reversed and the cause remanded for further proceedings in accordance with the opinion of this court. It is further ordered that the remaining portion of the trial court judgment be severed and that such remaining part of the judgment of the court below be affirmed. . . . . "

The deed from Gustave G. Kuehn and wife, Mary Jane Kuehn (referred to as the "source deed") conveyed Share No. 9 to Frances Kallina Kuehn. Frances Kallina Kuehn conveyed this share to Viola Kuehn Wishard prior to the end of the twenty-five year period provided in the source deed as being the time the fee simple title would vest. At the first trial the court submitted issues to the jury on the intention of the grantors. Based on the jury's answers the court rendered judgment vesting title to Share No. 9 in Viola Kuehn Wishard. This portion of the judgment was reversed by the Court of Civil Appeals.

In its opinion in Kuehn v. Wishard, supra, the court held that the construction of the deed was a matter of law for the court; that the intention of the grantors in the source deed is expressed in, and may be obtained from, that instrument; that the interest in Tract No. 9 granted by the source deed to Frances Kallina Kuehn was a life estate subject to being enlarged into a fee simple estate upon the expiration of twenty-five years; that the "nature of the estate conveyed—a life estate—made such interest during the twenty-five year period subject to the life of the grantee"; and that the conveyance by Frances Kallina Kuehn was of her life estate only and terminated on her death. The court held that on the death of Frances Kallina Kuehn title to Tract 9 vested in her eight surviving brothers and sisters, and that the trial court erred in vesting title in Viola Kuehn Wishard. The court remanded the case because partition was prayed for and the question of whether the tract was susceptible of partition in kind was a fact issue for a jury.

The action of the Court of Civil Appeals on the questions above mentioned was the basis of its decision in the case. The refusal of a writ of error with the notation "no reversible error" necessarily implies that the Supreme Court approved the holding of the Court of Civil Appeals on those questions.

After remand the judge of the 55th District Court called the case for trial. At that time the counsel for appellants demanded a jury trial. A proper request had previously been made and the jury fee paid. At that time the court advised counsel that in view of the agreement between the parties that Tract 9 was not susceptible of partition in kind and should be sold and the proceeds of the sale divided, there were no issues of fact for a jury by reason of the decision of the Court of Civil Appeals in the previous appeal of the case. The motion that a jury be empaneled in the case was thereupon refused.

Appellants' contention that the trial court erred in refusing them a jury trial can not be sustained. The opinion of the Court of Civil Appeals determined all issues made by the pleadings except the question of whether the land was susceptible of partition in kind, and this issue was settled by agreement of the parties.

The plaintiffs offered into evidence the source deed and certain requests for admissions and the answers thereto. They

then rested. Certain stipulations were read into the record. The attorney for Mrs. Wishard was permitted to make a bill of exceptions to the court's refusal to permit a jury trial. The evidence offered to support his bill was, by agreement, taken from the transcript of the testimony given on the previous trial. All parties then rested.

The pleadings of the parties were not amended after the first trial. The answer of Mrs. Wishard does not set up any of the various statutes of limitation except in a special exception, which does not appear to have been presented to the court for a ruling. Appellants contend that the source deed was ambiguous, and that there were issues of fact raised by the testimony admitted on the Bill of Exceptions as to the circumstances surrounding the execution of the source deed, as to the issue of limitations.

■ With the exception of the question of limitations, these matters were presented on the first appeal of this case, and were finally decided by the action of the Supreme Court in denying the application for writ of error. The decision on the questions of law so determined were binding on the trial court and on this court as the law of the case. Furr's, Inc. v. United Specialty Advertising Company, 385 S.W.2d 456 (Tex.Civ.App.—El Paso 1964, writ ref'd, n. r. e.); Elliott v. Moffett, 165 S.W.2d 911 (Tex.Civ.App.—Texarkana 1942, writ ref., w. o. m.); Reed v. James, 113 S.W.2d 580 (Tex.Civ.App.—San Antonio 1938, writ dism'd); Publix Theatres Corporation v. Carpenter, 56 S.W.2d 248 (Tex. Civ.App.—Dallas 1932, writ dism'd); Brooks v. Zorn, 53 S.W.2d 99 (Tex.Civ. App.—Beaumont 1932, aff'd Tex.Com. App., 83 S.W.2d 949); Maxcy v. Norsworthy, 49 S.W.2d 885 (Tex.Civ.App.— Galveston, writ dism'd); Sutherland v. Friedenbloom, 200 S.W. 1099 (Tex.Civ. App.—El Paso 1918, writ ref.).

In White, Smith & Baldwin v. Downs, 40 Tex. 225 (1874), the court said:

"But if this is the same case as that formerly before the court, it is a misnomer to call the opinion and a simple judgment of remand for a new trial *res judicata*. The opinion delivered may properly control the lower court, and ordinarily should do so, and would undoubtedly, on the same facts, be entitled to great weight on a second appeal to this court. But the opinion or reasoning for the judgment is no part of it, and the judgment itself is not final between the parties, and therefore is not conclusive."

In Crouch v. Shields, 385 S.W.2d 580 (Tex.Civ.App.—Dallas 1964, writ ref'd, n. r. e.), the court said:

"By his seventh and last point appellant contends that he was denied the right of trial by jury. Appellant did request a jury and paid the jury fee. However, the trial judge found, as a matter of law, that no issue of fact was presented in this record. We have carefully reviewed the verified pleadings as well as the statement of acts in its entirety and agree with the trial court's finding that no issue of fact was presented and therefore appellant has not been prejudiced by a denial of a jury. . . ."

An issue on limitation title was not raised by the pleading. Appellants would not have been entitled to the submission of such an issue to a jury. Texas Employers' Ins. Ass'n v. Patterson, 144 Tex. 573, 192 S.W.2d 255 (1946); Rule 277, Texas Rules of Civil Procedure.

A review of the record discloses no issue of fact to be determined by a jury. The action of the trial court in denying the request for a jury trial was not error requiring a reversal of the case.

On the previous appeal the Court of Civil Appeals held that "there is no violation of the rule against perpetuities in the source deed." This deed was the common source of title for all parties. The portion of the

judgment of the trial court which was affirmed rested on the title derived from that deed. We consider that the judgment is res adjudicata as to the validity of the deed.

Affirmed.